STATE v. J. T. (TOM) SHEPHERD.

(Filed 23 April, 1924.)

**Judgments Suspended — Conditions Broken — Sentence — Intoxicating Liquors—Criminal Law.**

Where the defendant has been convicted of violating the prohibition law and agrees to and takes advantage of a suspension of a judgment against him, upon a specific condition that a certain sentence authorized by law shall be imposed should he violate the conditions, among others that he personally and entirely abstain from the use of intoxicating liquors, he cannot be heard to complain, upon the ascertainment by the court that he has violated this condition, that it was unreasonable, or that the sentence agreed upon could not properly be imposed.

APPEAL by defendant from *Stack, J.,* at October Term, 1923, of RICHMOND.

On the hearing, it was made to appear that at the July Term, 1922, Richmond Superior Court, the defendant pleaded guilty to violations of the prohibition law in two cases, Nos. 31 and 99.

STATE *v.* SHEPHERD.

The following judgment was entered in No. 31:

"Judgment having been pronounced against the defendant in No. 99, as set out in the record, and it appearing to the court that his near neighbors—prominent citizens—have come to the court in person and requested leniency and, if possible, reformation of the defendant, the court suspends this judgment for eighteen months, with the consent of the defendant and his counsel and of the solicitor, and upon the recommendation of his near neighbors, upon the following conditions:

"1. He is to abstain, personally, entirely, from the use of intoxicating liquors.

"2. He is to be of good behavior and show the court at each term that he has been of good behavior, and especially that he has not in any way whatever unlawfully dealt with, manufactured or sold or in any wise violated the liquor laws.

"3. He is required to give a bond in the sum of $1,500 to appear at each and every criminal term during this period of eighteen months and show to the court that he has abstained from the use of liquor himself, and has not in any wise violated the liquor law.

"4. The judgment is also suspended upon conditions that if he violates any of the requirements above set out—that is to say, indulge in the use of spirituous liquor or in any wise violate the law, that the court will enter a sentence against him of imprisonment in the county jail for twelve months and be assigned to work on the public roads of Richmond County. Defendant is in custody until the orders in No. 99 and No. 31 are complied with."

The record states that the defendant paid the fine imposed in No. 99, and also paid the costs in both cases, the costs of the *sci. fa.,* gave the appearance bond of $1,500, and was released from custody.

At the October Term, 1923, being one of the terms at which the defendant was to report and show compliance with the terms of the judgment entered in No. 31, it was found as a fact that he had violated one of the conditions of the suspended judgment, in that he failed "to abstain, personally, entirely, from the use of intoxicating liquors." Whereupon, the defendant was ordered into the custody of the sheriff, to be committed to the common jail for a period of twelve months and assigned to work on the public roads, as stipulated in the consent judgment entered at the July Term, 1922. From this order and judgment the defendant appeals.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*H. S. Boggan and J. C. Sedberry for defendant.*

STACY, J., after stating the case: It is the position of the defendant that the first condition of the suspended judgment, requiring him "to abstain, personally, entirely, from the use of intoxicating liquors," is unreasonable, and hence he should not be held to answer for its violation. We cannot so hold. This provision constitutes an integral part of the treaty, or covenant, which the defendant voluntarily entered into with the court. It is one of the terms of grace, upon the observance of which the original judgment was to remain suspended. Speaking to a similar question, in *S. v. Phillips,* 185 N. C., p. 620, *Walker, J.,* said:

"If the defendant was sentenced upon his pleas of guilty, and the judgment was suspended, or its immediate execution withheld, on a condition, and the State alleged a violation of that condition, and asked for the enforcement of the sentence because of the violation of the condition upon which it was based, the judge should have required the defendant to appear before him, by notice or by *capias,* if necessary, and inquire into the allegation of the State, and, if found to be true by him, he should have enforced the judgment or taken such other course as his finding may have justified."

It will be observed that the suspension of judgment in the instant case was upon specific, definite conditions, and not simply upon "good behavior" in general, as was the case in *S. v. Hardin,* 183 N. C., 815.

The Attorney-General also relies upon the following cases as supporting, either directly or in tendency, the order and judgment entered below: *S. v. Strange,* 183 N. C., 775; *S. v. Vickers,* 184 N. C., 677; *S. v. Hoggard,* 180 N. C., 678; *S. v. Greer,* 173 N. C., 759; *S. v. Everitt,* 164 N. C., 399.

There is no error appearing on the record.

Affirmed.