STATE v. HOWARD McDANIELS.

(Filed 31 May, 1941.)

**1. Automobiles § 34—**

A driver's license is evidence of a privilege granted by the State to the holder thereof to operate a motor vehicle upon the public highways, and the Legislature has full authority to prescribe the conditions upon which it will be issued and to designate the court or agency through which, and the conditions upon which, it will be revoked.

**2. Automobiles § 36—**

A municipal court is without authority to revoke a driver's license, the power to suspend or revoke drivers' licenses being vested exclusively in the Department of Revenue, subject to the right of review by the Superior Court. Secs. 18 (e), 19, ch. 52, Public Laws 1935. (Ch. 36, Public Laws 1941.)

**3. Same—**

A judgment of a municipal court in a prosecution for reckless driving which provides, among other things, that defendant's driver's license be revoked, is insufficient, standing alone, to support a subsequent conviction of driving without license, the burden being upon the State to show that the license was duly revoked.

APPEAL by defendant from *Pless, J.,* at November Term, 1940, of FORSYTH. Reversed.

Criminal action on warrant charging that defendant unlawfully operated a motor vehicle upon a public highway after his driver's license had been revoked.

On 3 January, 1940, defendant was tried in the municipal court of Winston-Salem on a warrant charging reckless driving. There was a verdict of guilty and judgment providing in part "that the defendant's driver's license be revoked for a period of twelve months" was pronounced.

Thereafter, on 23 October, 1940, the warrant appearing of record was issued out of said court. The defendant was tried thereon and convicted. He appealed from the judgment entered to the Superior Court. When the cause was heard in the Superior Court he was again convicted. From the judgment entered the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*Wm. H. Boyer and Richmond Rucker for defendant, appellant.*

BARNHILL, J. The defendant challenges the sufficiency of the testimony for that there is no evidence that his driver's license was revoked. He bases this argument upon the contention that the municipal court of Winston-Salem was without power to revoke the defendant's license.

The exact nature of the judgment in the original cause does not appear. The only reference thereto is a stipulation of record as follows:

"It is stipulated by the defendant that he was indicted in the Municipal Court of the City of Winston-Salem on January 3, 1940, for reckless driving and that the judgment provided, among other things, that the defendant's driver's license be revoked for a period of twelve months."

This stipulation is subject to either of two interpretations: (1) that the court undertook, by its judgment, to revoke defendant's driver's license; or (2) it directed that the license be revoked in the manner provided by statute.

1. A driver's license is evidence of a privilege granted by the State to the holder thereof to operate a motor vehicle upon the public highways. The Legislature has full authority to prescribe the conditions upon which it will be issued and to designate the court or agency through which and the conditions upon which it will be revoked. This the Legislature has done, prescribing in detail the rules under which such license, once issued, shall be suspended or revoked. Ch. 52, Public Laws 1935. The enforcement of these provisions is vested exclusively in the Department of Revenue of the State, sec. 18 (e), subject to the right of review by the Superior Court, sec. 19. (For present status of law, see ch. 36, Public Laws 1941, as related to sec. 1, ch. 52, Public Laws 1935.)

Any attempt by the municipal court to revoke defendant's license was void for want of jurisdiction.

2. If the municipal court was proceeding under sec. 18, ch. 52, Public Laws 1935, in directing that the defendant's driver's license be revoked, then there is no evidence tending to show that such license was surrendered to and forwarded by the court to the Department of Revenue or that it was received and revoked by the department. As the conviction on the charge of reckless driving was not for a second offense within twelve months, its revocation was not mandatory, sec. 12 (6), but was a matter of discretion resting in the Department of Revenue.

There is nothing in the record to justify the assumption that the judgment, directing that the license be forfeited, was in the form of a suspended sentence. It does not so appear and the burden was on the State.

There is no sufficient evidence to support the verdict. The defendant's motion to dismiss as of nonsuit should have been allowed.

Reversed.