STATE v. JAMES COOPER.

(Filed 1 March, 1944.)

**1. Criminal Law § 69—**

By consent of the parties the complaint, in a civil action to compel the Commissioner of Motor Vehicles to restore an automobile driver's license surrendered pursuant to a judgment in a criminal prosecution, will be considered as an application for writ of *certiorari,* in the nature of a writ of error, to bring up the record in the criminal prosecution as it appears in the Superior Court.

**2. Automobiles §§ 1, 36—**

The power to suspend or revoke an automobile driver's license is vested exclusively in the State Department of Motor Vehicles, subject to the right of review by the Superior Court.   G. S., 20—Art. 2.

**3. Same—**

A judgment of the Superior Court requiring a defendant to surrender his license to drive a motor vehicle and prohibiting him from operating such vehicles for a specified period, is in excess of the jurisdiction of such court and is void.

PETITION for *certiorari* in the nature of a writ of error to bring up for review judgment entered in Superior Court of Forsyth County.

Criminal prosecution tried at 10 January, 1944, Term of Superior Court of Forsyth before *Sink, J.,* on appeal thereto from judgment of municipal court of the city of Winston-Salem upon conviction under warrant charging reckless driving of motor vehicle.

Plea: Guilty of "violating traffic."

Judgment: That defendant surrender his driver's license to the clerk of Superior Court and not operate a motor vehicle for twelve (12) months, and pay a fine of $25.00 and the costs.

*Attorney-General McMullan for the State.*
*Felix L. Webster for defendant.*

WINBORNE, J.   In the civil action of James Cooper, as plaintiff, against T. Boddie Ward, Commissioner of Motor Vehicles of North

Carolina, as defendant, *ante,* 99, the parties consented on hearing in this Court that the complaint might be considered as an application for writ of *certiorari* in the nature of a writ of error to bring up for review the record in this criminal prosecution as it appears in the Superior Court of Forsyth County. The application is allowed on authority of *S. v. Lawrence,* 81 N. C., 522, and *S. v. Green,* 85 N. C., 600, and in accordance with pronouncements set forth in *S. v. Tripp,* 168 N. C., 150, 83 S. E., 630; *S. v. Stamey,* 209 N. C., 581, 183 S. E., 736; and *S. v. Moore,* 210 N. C., 686, 188 S. E., 421, where further authorities are assembled and the subject treated.

A duly certified copy of the record in the Superior Court has been filed in this Court and is considered as a return to the writ. The record discloses that at the 10 January, 1944, Term of Superior Court of Forsyth County, defendant James Cooper, having appealed thereto from judgment of the municipal court of the city of Winston-Salem upon conviction under warrant charging him with reckless driving of motor vehicle on 3 January, 1944, pleaded "guilty to violating traffic," and that thereupon the court entered judgment as hereinabove indicated. Defendant contends that so much of the judgment as requires him to surrender his driver's license and not operate a motor vehicle for a period of twelve months is void for want of jurisdiction. He relies upon provisions of the Uniform Driver's License Act, Public Laws 1935, chapter 52, as amended by Public Laws 1941, chapter 36, G. S., 20, Art. 2, and the decision of this Court in the case of *S. v. McDaniels,* 219 N. C., 763, 14 S. E. (2d), 793.

In the *McDaniels case, supra,* which originated prior to 1 July, 1941, the effective date of chapter 36 of Public Laws 1941, by which the Department of Motor Vehicles was created and vested with power theretofore existing in the department of revenue to enforce provisions of the Uniform Driver's License Act, Public Laws 1935, chapter 52, this Court, in construing and applying the Act, held that the power to suspend or revoke drivers' licenses is vested exclusively in the Department of Revenue, subject to the right of review by the Superior Court, and that a municipal court is without authority to suspend or revoke such license. This is in keeping with the provisions of the statute as it then existed. But by the 1941 Act, chapter 36, the power to suspend or revoke drivers' licenses after 1 July, 1941, vested exclusively in the newly created Department of Motor Vehicles, subject to the same right of review by the Superior Court as existed prior to that date. G. S., 20-25.

For the same reason that a municipal court is without power to suspend or revoke a drivers' license, and that any attempt by such court to do so is void, as held in *S. v. McDaniels, supra,* the Superior Court is without power to suspend or revoke a driver's license, and any attempt

by it so to do is void as being in excess of jurisdiction. As is stated in *Ellis v. Ellis,* 190 N. C., 418, 130 S. E., 7, in a quotation from Freeman on Judgments (4 Ed.), p. 176, a judgment may be void for "want of power to grant the relief contained in the judgment," and in pronouncing a judgment of this class, the court "acts in excess of jurisdiction."

In the light of this principle, the provisions of the judgment requiring defendant to surrender his license and prohibiting him from operating a motor vehicle for a period of twelve months, being in excess of the jurisdiction of the Superior Court, are void, and the same are hereby stricken out.

Error.