STATE OF NORTH CAROLINA v. JACK SMITH.

(Filed 13 December, 1950.)

**1. Criminal Law § 62f—**

Where the suspension of sentence has been revoked by the county court for condition broken, *certiorari* will lie solely to review the regularity and legality of the judgment invoking the original sentence, and the "affirmance" of the judgment by the Superior Court is in effect a dismissal of the writ for want of merit, and will be so considered upon further review.

**2. Same—**

Where a defendant does not object or except to the conditions upon which sentence is suspended nor appeal therefrom, the conditions become an integral part of the covenant voluntarily assented to by defendant, and he may thereafter contest the execution of the sentence for condition broken only on the ground of want of evidence to support a finding of breach of condition or on the ground that the conditions are unreasonable or for an unreasonable length of time.

**3. Same—**

The presumption is in favor of the reasonableness of the conditions upon which sentence is suspended.

**4. Same—**

Upon conviction of larceny of 900 pounds of seed cotton, suspension of sentence on condition that defendant not operate a motor vehicle on the highways of the State for one year will not be held unreasonable as having no relation to the offense, since it will be presumed in the absence of a showing to the contrary that the operation of a motor vehicle was involved in the larceny. In this case it appeared further that defendant was addicted to the use of alcoholic beverages.

**5. Same: Automobiles § 34b—**

While the Superior Court is without jurisdiction to revoke a driver's license, it may suspend execution of sentence on condition that defendant not operate a motor vehicle on the highways of the State for a reasonable length of time when such condition bears a reasonable relation to the offense of which defendant stands convicted.

APPEAL by defendant from *Phillips, J.,* March Term, 1950, SCOTLAND. Affirmed.

Indictment for larceny, heard on writ of *certiorari* issued to the criminal court for the county of Scotland.

On 25 October 1949, defendant was convicted on a charge of larceny of 900 pounds of seed cotton. The judge of the county court pronounced judgment of imprisonment for a term of two years and placed the defendant on probation under the general conditions set forth in the statute and the further condition that the defendant "be denied the right to operate a motor vehicle on the highways of North Carolina during the first twelve months of probation. During the next twelve months shall drive only upon the recommendation of the Probation Officer."

On 15 February 1950, the court, after due notice and hearing, found that defendant had willfully violated the special condition relating to the operation of a motor vehicle and adjudged that the order of probation be revoked and commitment issue on the sentence originally imposed. Defendant was ordered into the custody of the sheriff to begin said sentence. He applied to Phillips, J., for a writ of *certiorari* which was duly issued.

When the writ came on for hearing in the court below, Phillips, J., affirmed the judgment of the county court and ordered that commitment issue. Defendant excepted and appealed.

*Attorney-General McMullan, Assistant Attorney-General Moody, and John R. Jordan, Jr., Member of Staff, for the State.*

*Gilbert Medlin and Jennings G. King for defendant appellant.*

BARNHILL, J.   The cause was before the court below solely for review
of the regularity and legality of the judgment of the county court invok-
ing the original sentence.   *S. v. King,* 222 N.C. 137, 22 S.E. 2d 241.
Its judgment, in effect, was a dismissal of the writ for want of merit.   It
will be so treated.

The defendant did not object or except to the imposition of the condi-
tion, about which he now complains, at the time it was imposed.   Nor
did he appeal therefrom.   By his conduct he impliedly consented thereto
and committed himself to abide by the terms of the probation.   *S. v.
Miller,* 225 N.C. 213, 34 S.E. 2d 143; *S. v. Wilson,* 216 N.C. 130, 4 S.E.
2d 440; *S. v. Pelley,* 221 N.C. 487, 20 S.E. 2d 850; *S. v. Jackson,* 226
N.C. 66, 36 S.E. 2d 706.   The condition thereupon became an integral
part of the treaty or covenant which the defendant voluntarily entered
into with the court.   *S. v. Shepherd,* 187 N.C. 609, 122 S.E. 467; *S. v.
Miller, supra.*

Having consented to the imposition of the condition, he was thereafter
relegated to his right to contest the execution of the sentence for that
(1) there is no evidence to support a finding that the conditions imposed
have been breached, *S. v. Johnson,* 169 N.C. 311, 84 S.E. 767; *S. v.
Miller, supra;* or (2) the conditions are unreasonable and unenforceable
or for an unreasonable length of time.   *S. v. Shepherd, supra; S. v.
Miller, supra.*

The defendant does not assert here that there was no evidence to sup-
port the finding made by the judge of the county court.   The sole grounds
of attack upon the particular condition and the judgment invoking the
sentence for breach thereof is bottomed upon the contention that it (1) is
unrelated to and did not grow out of the offense for which he was con-
victed and is therefore unreasonable; and (2) is beyond the jurisdiction
of the court, for the reason the court has no authority to revoke or sus-
pend a license to operate a motor vehicle.   These grounds of attack are,
on this record, untenable.

While at first blush larceny and the operation of a motor vehicle would
seem to be wholly unrelated, such is not necessarily the case here.   The
defendant was charged with the larceny of 900 pounds of seed cotton.
The "taking and carrying away" of such a heavy and bulky quantity of
seed cotton no doubt involved the use of a vehicle.   If, in committing the
larceny the defendant used an automobile, the crime and the operation
are directly related.   It is presumed, in the absence of proof to the con-
trary, that the proceeding was legal and the court acted with proper
discretion.   *S. v. Hilton,* 151 N.C. 687, 65 S.E. 1011; *S. v. Everitt,* 164
N.C. 399, 79 S.E. 274.

Furthermore, the primary purpose of a suspended sentence or parole is
to further the reform of the defendant.   There is strong suggestion in the

record that defendant is addicted, at least to some extent, to the use of alcoholic beverages. The judge may have considered that the primary need of defendant was to be kept off the public roads while under a steering wheel. Certainly there is nothing in the record to induce a contrary view. *S. v. Ray,* 212 N.C. 748, 194 S.E. 472.

It is true the court was without jurisdiction to suspend or revoke defendant's license to operate a motor vehicle duly issued by the Motor Vehicle Department of the State. *S. v. McDaniels,* 219 N.C. 763, 14 S.E. 2d 793; *S. v. Cooper,* 224 N.C. 100, 29 S.E. 2d 18; *S. v. Warren,* 230 N.C. 299, 52 S.E. 2d 879. This does not mean, however, that it might not suspend the execution of a sentence of imprisonment on condition the defendant refrain from operating a motor vehicle upon the public highways of the State. The court did not undertake, as in *S. v. Cooper, supra,* to revoke defendant's driver's license or prohibit him from operating a motor vehicle. It merely gave him the option to serve his sentence or agree not to operate a motor vehicle upon the highways for the period specified. *S. v. Miller, supra; S. v. Jackson, supra,* and cases cited.

Defendant stood convicted of grand larceny. He was sentenced to serve a term in prison. The court afforded him an opportunity to escape the service of the sentence imposed by observing the conditions of the parole. He accepted. When he broke faith with the court he furnished the grounds for invoking the original sentence. He, by his own conduct, opened the prison doors. He cannot now complain that he must enter therein.

So far as this record discloses, the record before the trial court was in all respects regular and the condition imposed was reasonable, both in substance and time. Therefore, the judgment of the court below must be
  Affirmed.