STATE v. R. G. COLE.

(Filed 9 March, 1955.)

**1. Criminal Law § 52a (3)—**

To withstand nonsuit, the circumstances and evidence must be such as to produce a moral certainty of guilt and to exclude any other reasonable hypothesis.

**2. Automobiles § 30d—Evidence of defendant's guilt of driving while under the influence of intoxicating beverage held sufficient for jury.**

Testimony of a patrolman to the effect that he saw defendant driving his car from one side of the road to the other, that he followed defendant's car along the highway and then along a dirt road, where defendant parked, and saw defendant slump down behind the wheel, apparently drunk, and that less than a half hour thereafter, when officers got defendant out from behind the steering wheel, he exuded the odor of alcoholic beverage and was staggery drunk, *is held* sufficient to be submitted to the jury on the charge of driving while under the influence of intoxicating beverage, and the suggested hypothesis that defendant might have drunk liquor after he stopped the car is not a reasonable one under the evidence.

**3. Criminal Law § 81c (1)—**

Appellant must show that the alleged error was material and prejudicial in order to be entitled to a new trial.

**4. Criminal Law § 81c (7)—**

Defendant was tried for driving an automobile on the public highways while under the influence of intoxicating liquor. During the solicitor's argument, the court and the solicitor made remarks as to the necessity of a warrant, one of the arresting officers having testified in regard to getting a warrant before making the arrest. *Held:* The officer's testimony was relevant only in explanation of his failure to make the arrest at once, and the statements of the solicitor and judge were wholly immaterial to the issue and cannot be held prejudicial.

**5. Criminal Law § 48c—**

Where the court, upon defendant's general objection to certain testimony, overrules the objection and instructs the jury that the evidence is offered

for the purpose of corroborating another witness, defendant may not contend that the instruction limiting the evidence was inadequate in the absence of objection thereto or request for further elaboration.

**6. Criminal Law § 79—**

Assignments of error in support of which no argument is made or authority cited are deemed abandoned. Rule 28, Rules of Practice in the Supreme Court.

**7. Automobiles § 34b—**

The Superior Court has no authority to pronounce judgment suspending or revoking a defendant's automobile driving license, exclusive authority having been given the State Department of Motor Vehicles to issue, suspend, and revoke, upon conditions prescribed by the General Assembly, licenses to operate motor vehicles on our public highways. G.S. 20, Art. 2.

**8. Criminal Law § 60a—**

The courts may impose only such punishments as are authorized by the Constitution of North Carolina, Art. XI, sec. 1.

**9. Automobiles § 34b: Criminal Law § 62f—**

Upon defendant's conviction of operating a motor vehicle while under the influence of intoxicating beverage, the court may not suspend judgment upon condition that the defendant not operate a motor vehicle upon the public roads during the period of suspension unless defendant consents thereto, expressly or by implication.

**10. Automobiles § 30d: Criminal Law § 62h—**

Where a statute prescribes a higher penalty for repeated convictions for similar offenses, whether defendant theretofore had been convicted under the statute is for the jury to determine and not the court. G.S. 20-138; G.S. 20-179.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Nettles, J.,* November Term, 1954, of RUTHERFORD.

Criminal prosecution on warrant charging that defendant, on or about 2 September, 1954, operated a motor vehicle on the public highway in Rutherford County while under the influence of intoxicating liquor in violation of G.S. 20-138. The phrase, "this being a second offense," is included in the charge.

Defendant was first tried in the Recorder's Court of Rutherford County. The jury in that court returned a verdict of "Guilty." Thereupon, judgment was pronounced, and defendant appealed.

Upon trial *de novo* in the Superior Court, on said warrant, the State's witnesses were J. H. Hatcher, State Highway Patrolman, and Earl Bowers, police officer of the Town of Rutherfordton. Their testimony tended to show the facts narrated below.

About 7:25 p.m., on 2 September, 1954, defendant drove a 1949 Buick south on U. S. Highway 221. Other cars, traveling north and south, were on the highway. Hatcher lives just south of Rutherfordton. He was backing out of his driveway into the highway when he saw defendant approach and pass. Observing that defendant's car was "being driven back and forth across the highway," and that defendant "would pull over in the center," Hatcher got into the highway at first opportunity and followed defendant's car. As he followed defendant, he observed his car "going back and forth across the road." Defendant turned from the highway, some four-tenths of a mile south of the Hatcher driveway, and then traveled about the same distance on a dirt road, pulled over to the left side thereof and stopped. Hatcher pulled up beside defendant, observing that defendant "was slumped down in the front seat of the car," and that "he appeared to be drunk." There was no conversation. There was no arrest.

In Rutherfordton, while on his way to get a warrant, Hatcher met Bowers. At Hatcher's request, Bowers followed him to the place where defendant had stopped. Hatcher left again for Rutherfordton, to get the warrant, while Bowers remained where he had a distinct view of defendant's entire car.

Having obtained a warrant, Hatcher returned to the place where defendant had stopped; and Hatcher and Bowers then went to defendant's car. Bowers testified: "Mr. Cole was in the front seat under the steering wheel when we got him out. When he stepped out, he was staggery and fell against the door of the car and against me. He had a very foul odor of alcoholic beverage. I would say he was in a drunken condition." Hatcher testified: "He was staggery drunk at that time, and I smelled liquor. He did not have any liquor that we saw." Then, defendant was arrested under the warrant.

Hatcher estimated that about five minutes elapsed between the time he left defendant's parked car until he met Bowers, and some six or seven minutes from then until he and Bowers arrived where the car occupied by defendant was parked. Bowers estimated that about fifteen minutes, "maybe a little longer," elapsed from the time Hatcher left him to watch defendant until he returned with the warrant.

It was daylight when Hatcher first observed defendant; but, as events progressed, daylight was fading into the somewhat uncertain period referred to as "dusky dark."

Hatcher testified, without objection: "This is the second offense of driving under the influence of liquor. He plead guilty on the first offense, approximately two years ago."

Defendant did not testify and offered no evidence.

Upon the jury's verdict of "Guilty," the court pronounced judgment as follows:

"The judgment of the Court is that the defendant be confined in the common jail of Rutherford County for a term of six months and assigned to work on the public highways under the supervision of the State Highway & Public Works Commission.

"This Prison sentence is suspended for a term of five years on the following express conditions:

"1. That the defendant will not operate a motor vehicle on the public roads of the State of North Carolina during said five-year period.

"2. That he will not violate any criminal laws of the State of North Carolina or of the United States of America.

"3. That he pay a fine of $300.00 and the costs of this action.

"Permission is given to the Court during any subsequent term during the said five-year period to place the prison sentence into effect if it shall appear that the defendant has violated any of the terms of this suspended sentence; that he surrender his driver's license to the Clerk of the Court, that the same may be transmitted to the Director of the Safety Division, Raleigh, North Carolina, for the purpose of having his license revoked as provided by law, and that said license is to be accompanied by a certified copy of this judgment."

Defendant, in open court, excepted and appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*Stover P. Dunagan and Charles L. Dalton for defendant, appellant.*

BOBBITT, J. Defendant's primary contention is that the evidence, considered in the light most favorable to the State, was insufficient to warrant submission to the jury and to support the verdict and judgment.

The ultimate test is whether or not defendant was under the influence of intoxicating liquor when driving a motor vehicle upon a public highway. G.S. 20-138; *S. v. Carroll,* 226 N.C. 237, 37 S.E. 2d 688.

Defendant emphasizes the expression, "the guilt of an accused is not to be inferred merely from facts consistent with his guilt, but they must be inconsistent with his innocence," *S. v. Harvey,* 228 N.C. 62, 44 S.E. 2d 472, often used in the statement of the rule applicable to the sufficiency of circumstantial evidence. But this expression is in agreement rather than in conflict with the basic rule "that the facts established or adduced on the hearing must be of such a nature and so connected or related as to point unerringly to the defendant's guilt and to exclude any other reasonable hypothesis." *S. v. Harvey, supra.* It is well to note, as did *Dick, J.,* in *S. v. Matthews,* 66 N.C. 106: "The true rule is that the circumstances

and evidence must be such as to produce a moral certainty of guilt and to exclude any other *reasonable hypothesis.*"

Hatcher observed defendant's manner of driving on the highway and his position and appearance immediately after he pulled to the left side of the dirt road and stopped. At that time defendant was slumped down, apparently drunk. When Hatcher brought Bowers to this place for further direct observation, defendant was in his car at the place he had stopped. He remained there until Hatcher returned with the warrant. When the officers got him out from under the steering wheel, he exuded the odor of alcoholic beverage and was staggery drunk. No liquor was found.

The evidence as to these facts was direct and positive. This evidence, when considered in the light most favorable to the State, was sufficient to warrant submission to the jury and to support the verdict and judgment. The suggested hypothesis, that defendant might have drunk liquor after he stopped and slumped down in his car and before the actual arrest, cannot be regarded as reasonable under the evidence here presented. Hence, defendant's assignment of error #3, based on the court's refusal to allow defendant's motion for judgment as of nonsuit, is overruled.

Defendant assigns as error certain alleged erroneous statements of law made by the solicitor and judge during the progress of the trial. The facts relevant to defendant's position are set out below.

In the solicitor's argument to the jury, he stated that "under the law it was necessary for Patrolman Hatcher to procure a warrant before he had any authority to arrest the defendant Cole." Upon objection by defendant's counsel, the judge, in the presence of the jury, stated: "Your objection is overruled, and for your information I will state that I will instruct the jury that under the law the said Patrolman did not have any right to make the arrest without a warrant." The record does not show any further instruction by the judge to the jury on this subject.

If the statements by the solicitor and judge were erroneous, a question that need not be discussed on this appeal, defendant has failed to show that the error was material and prejudicial. This he must do, else the error will not be ground for a new trial. *S. v. Rainey,* 236 N.C. 738, 74 S.E. 2d 39; *S. v. Bryant,* 236 N.C. 745, 73 S.E. 2d 791; *S. v. Davis,* 229 N.C. 386, 50 S.E. 2d 37.

Neither the lawfulness of the arrest nor the sufficiency of the warrant was controverted or in any way involved in the trial. Apparently, defendant contends that Hatcher had the right to arrest him without a warrant, under G.S. 20-183, as a "person found violating" the provisions of G.S. 20-138. Hatcher's testimony, admitted without objection, is that he thought it proper to get a warrant before arresting defendant. Whether the warrant was a prerequisite to a lawful arrest is wholly immaterial

to the issue as to defendant's guilt or innocence in relation to the offense for which he was being tried. Hatcher's testimony was relevant only in explanation of his action in leaving defendant for the purpose of getting a warrant before arresting defendant. Defendant cannot reasonably complain because Hatcher did not arrest him without a warrant. Nor do we perceive that the statements of the solicitor and judge, under the circumstances disclosed, were material or prejudicial to defendant. Hence, defendant's assignment of error #4 is overruled.

Defendant also assigns as error the court's failure to instruct the jury in a complete and satisfactory manner as to certain testimony of Bowers.

Defendant objected generally to testimony of Bowers tending to show that, when he and Hatcher met in Rutherfordton, Hatcher told him "about a drunken driver" and asked Bowers to follow him. The court overruled such objection, to which defendant excepted. Thereupon the court, on its own initiative, instructed the jury: "This evidence is offered for the purpose of corroborating the witness Hatcher." No further objection was made or exception taken.

Defendant does not contend that the testimony of Bowers was incompetent, but that the instruction as given by the court was not adequate. While we do not approve the instruction given as a complete and satisfactory explanation of the purpose for which the testimony was admitted for consideration by the jury, under the circumstances disclosed by the case on appeal defendant's assignment of error #2 is overruled. Rule 21, Rules of Practice in the Supreme Court, 221 N.C. 558; *S. v. Ham,* 224 N.C. 128, 29 S.E. 2d 449; Stansbury, North Carolina Evidence, sec. 52.

No reason or argument is stated and no authority is cited in defendant's brief in support of his assignments of error #1 and #5. Hence, they are deemed abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 544; *S. v. Bittings,* 206 N.C. 798, 175 S.E. 299; *S. v. Gordon,* 241 N.C. 356, 85 S.E. 2d 322.

While the trial and verdict are upheld, defendant's assignment of error #6, directed to the judgment, is well taken.

The State Department of Motor Vehicles has exclusive authority to issue, suspend and revoke, upon conditions prescribed by the General Assembly, licenses to operate motor vehicles on our public highways. G.S., Ch. 20, Art. 2; *Fox v. Scheidt, Comr. of Motor Vehicles, ante,* 31, 84 S.E. 2d 259. When a person is convicted of a criminal offense, the court has no authority to pronounce judgment suspending or revoking his operator's license or prohibiting him from operating a motor vehicle during a specified period. *S. v. Warren,* 230 N.C. 299, 52 S.E. 2d 879; *S. v. Cooper,* 224 N.C. 100, 29 S.E. 2d 18; *S. v. McDaniels,* 219 N.C. 763, 14 S.E. 2d 793. This is true, apart from G.S., Ch. 20, Art. 2, by reason of the provisions of sec. 1, Art. XI, Constitution of North Carolina,

which, in part, provides: "The following punishments only shall be known to the Laws of this State, viz.: death, imprisonment with or without hard labor, fines, removal from office, and disqualification to hold and enjoy any office of honor, trust, or profit under this State."

The punishment, upon conviction of a first, second, third or subsequent violation of G.S. 20-138, is prescribed by G.S. 20-179. Judgment pronounced must consist of a fine or imprisonment or both.

True, courts having jurisdiction may pronounce judgment as by law provided; and then, *with the defendant's consent,* express or implied, suspend execution thereof upon prescribed conditions. Long recognized as an inherent power of the court, such authority is now recognized expressly by statute. *S. v. Miller,* 225 N.C. 213, 34 S.E. 2d 143, and cases cited; G.S. 15-197.

When the defendant consents to such prescribed conditions, expressly or impliedly, he may thereafter contest a judgment putting the sentence into effect only on the following grounds, viz.: (1) for that there is no evidence to support a finding that the conditions of suspension have been breached; and (2) for that the conditions are invalid because unreasonable or for an unreasonable length of time. *S. v. Smith,* 233 N.C. 68, 62 S.E. 2d 495, and cases cited. By this means, a defendant, at his request or with his consent, may avoid, by observance of the prescribed conditions, the execution of the sentence.

It is noteworthy that in *S. v. Smith, supra,* the defendant was convicted of the crime of larceny. Too, the prison sentence pronounced was suspended on the general conditions set forth in the Probation Statute (G.S. 15-197 *et seq.*) and on the additional special condition that the defendant "be denied the right to operate a motor vehicle on the highways of North Carolina during the first twelve months of probation." It was held that this special condition was reasonable and the violation thereof ground for putting into effect the suspended sentence.

This excerpt from an opinion of *Barnhill, J.* (now *C. J.*), is equally appropriate here: "But here the defendant did not consent. He in apt time entered his exception and noted his appeal. Hence, since the form of punishment imposed is neither sanctioned by statute nor assented to by defendant, the judgment cannot stand." *S. v. Jackson,* 226 N.C. 66, 36 S.E. 2d 706. Also, see *S. v. Griffis,* 117 N.C. 709, 23 S.E. 164.

The judgment entered is stricken and the cause remanded for proper judgment.

In remanding the cause for the stated purpose, we observe that, while there is allegation and evidence that defendant had been adjudged guilty of violating G.S. 20-138 on a prior occasion, this feature was in no way submitted to or passed on by the jury. Hence, the verdict cannot be regarded as a conviction of a second offense within the meaning of G.S.

20-179. It is well established that "where a statute prescribes a higher penalty in case of repeated convictions for similar offenses, an indictment for a subsequent offense must allege facts showing that the offense charged is a second or subsequent crime within the contemplation of the statute in order to subject the accused to the higher penalty." *S. v. Miller,* 237 N.C. 427, 75 S.E. 2d 242, and cases cited. "Whether there was a former conviction or not was for the jury, not for the court." *Clark, J.* (later *C. J.*), in *S. v. Davidson,* 124 N.C. 839, 32 S.E. 957; G.S. 15-147.

Error and remanded.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.