JASPER HYMRICK HARRELL v. EDWARD SCHEIDT, COMMISSIONER
OF MOTOR VEHICLES.

(Filed 11 April, 1956.)

**1. Appeal and Error § 21—**

A sole assignment of error to the judgment presents for review only whether the facts found support the judgment and whether any fatal error of law appears upon the face of the record.

**2. Automobiles § 1—**

Revocation of license under the provisions of G.S. 20, Article 2, is an exercise of the police power in furtherance of the safety of the users of the State's highways.

**3. Same—**

The power to issue, suspend, and revoke licenses to operate motor vehicles is vested exclusively in the Department of Motor Vehicles, and revocation or suspension of license is not a part of, nor within the limits of, punishment to be fixed by the court wherein the offender is tried.

**4. Automobiles § 2: Criminal Law § 62h—Warrant need not charge second offense in order to support three year revocation of license therefor.**

While a prior conviction must be alleged in the indictment or warrant for the second offense in order for the court to inflict the heavier punishment for a second offense, G.S. 20-179, where during the period of revocation of his driver's license by the Department of Motor Vehicles for conviction of driving while under the influence of intoxicating liquor, defendant pleads guilty to another such offense upon warrant not charging a second offense, the Department of Motor Vehicles, upon receipt of report of the later judgment, must revoke defendant's driver's license for three years pursuant to the mandatory provisions of G.S. 20-17 (2) ; G.S. 20-19 (d), the revocation of license not being any part of the punishment.

**5. Criminal Law § 17b—**

A plea of guilty is equivalent to conviction.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Bone, J.,* December Civil Term 1955 of WILSON.

Civil action for writ of *mandamus* to compel Edward Scheidt, in his capacity as Commissioner of Motor Vehicles of North Carolina, to reissue to plaintiff a license to operate a motor vehicle within the State.

On 15 December 1947 the plaintiff was convicted in the Superior Court of Edgecombe County of driving a motor vehicle upon the highways within the State, while under the influence of intoxicating liquor. This conviction was reported to the Department of Motor Vehicles, which, pursuant to the mandatory provisions of G.S. 20-17 (2) and G.S. 20-19 (c), revoked his operator's license for one year.

On 22 October 1954 in the Mayor's Court for the Town of Farmville, plaintiff entered a plea of guilty to a warrant charging him on 19 October 1954, within the city limits of the Town of Farmville, with unlawfully and wilfully operating a motor vehicle upon the highways within the State, while under the influence of intoxicating liquor or narcotic drugs. The warrant did not charge that it was a second offense. Judgment was suspended, provided he pay a $100.00 fine and costs. The defendant, upon receipt of a report of the record of the trial in the Mayor's Court for the Town of Farmville, pursuant to the mandatory provisions of G.S. 20-17 (2) and G.S. 20-19 (d), revoked the operator's license of plaintiff for three years.

One year after 22 October 1954 plaintiff complied with the requirements for reinstatement of his operator's license, and demanded that the defendant reissue to him his operator's license. The defendant refused to do so. Whereupon, plaintiff instituted this action.

Judge Bone concluded as a matter of law, "that the provisions of G.S. 20-17 and G.S. 20-19 (d) authorize the Commissioner of Motor

Vehicles to revoke a license for a period of three years on the grounds of a second conviction for drunk driving only when the warrant or indictment in the second case charges or sets out that the defendant in that case is being tried for the 'second offense' of driving while under the influence of intoxicating beverages or narcotic drugs; and the court further concludes, as a matter of law, that the defendant Commissioner of Motor Vehicles possessed authority in this case to revoke the driver's license of the plaintiff for one year only, commencing October 22nd, 1954." Whereupon, Judge Bone entered judgment ordering and decreeing that the order of revocation of the driver's license of plaintiff for three years was void, and that the defendant "restore the driving privileges of the plaintiff upon the plaintiff's compliance with the usual financial responsibility requirements and examinations, as are required of those whose licenses have been lawfully revoked for a period of one year."

From the judgment entered the defendant appeals, assigning error.

*Talmadge L. Narron for Plaintiff, Appellee.*

*William B. Rodman, Jr., Attorney General, and Robert E. Giles, Assistant Attorney General, for Defendant, Appellant.*

PARKER, J.  G.S. 20-138 provides that "it shall be unlawful and punishable, as provided in G.S. 20-179, for any person . . . who is under the influence of intoxicating liquor or narcotic drugs, to drive any vehicle upon the highways within the State."

G.S. 20-179 provides that for the first offense of violating the provisions of G.S. 20-138 the punishment shall be a fine of not less than $100.00 or imprisonment for not less than 30 days, or both, in the discretion of the court; for the second violation of the same offense the punishment shall be a fine of not less than $200.00 or imprisonment for not less than six months, or both, in the discretion of the court; and for a third or subsequent conviction of the same offense the punishment shall be a fine of not less than $500.00 or by both fine and imprisonment in the court's discretion.

The relevant part of G.S. 20-24 (a) reads: "Whenever any person is convicted of any offense for which this article" (Article 2. Uniform Driver's License Act) "makes mandatory the revocation of the operator's or chauffeur's license of such person by the Department, the court in which such conviction is had shall require the surrender to it of all operators' and chauffeur's licenses then held by the person so convicted and the court shall thereupon forward the same, together with a record of such conviction, to the Department." The Department referred to is the Department of Motor Vehicles.

G.S. 20-17 is captioned "MANDATORY REVOCATION OF LICENSE BY DEPARTMENT," and reads: "The Department shall forthwith revoke the license of any operator or chauffeur upon receiving a record of such operator's or chauffeur's conviction for any of the following offenses when such conviction has become final: . . . 2. Driving a motor vehicle while under the influence of intoxicating liquor or narcotic drug."

G.S. 20-19 is captioned "PERIOD OF SUSPENSION OR REVOCATION," and the pertinent part thereof reads: "(d) When a license is revoked because of a second conviction for driving under the influence of intoxicating liquor or a narcotic drug, the period of revocation shall be three years."

The facts we have stated are those found by Judge Bone. As to the facts of the case there seems to have been no dispute, for neither party has excepted to his findings.

The defendant's only assignment of error is to the judgment. That brings here for review two questions: one, do the facts found support the judgment, and two, does any fatal error of law appear upon the face of the record? *Bailey v. Bailey, ante,* 412, 90 S.E. 2d 696; *Bond v. Bond,* 235 N.C. 754, 71 S.E. 2d 53.

We have presented for determination the sole question, whether the revocation of the operator's license of the plaintiff for three years, is, under the mandatory provisions of G.S. 20-17(2) and G.S. 20-19(d), a part of the punishment for the crime charged in the warrant issued by the Mayor's Court for the Town of Farmville.

The enactment of the North Carolina Uniform Driver's License Act, G.S., Ch. 20, Article 2, was designed under the police power of the State to safeguard the use of our highways from those who are not qualified to operate motor vehicles, from those guilty of certain violations of our statutes regulating the use of motor vehicles, *e.g.* manslaughter resulting from the criminally negligent operation of an automobile, drunken driving, etc., to exercise some measure of control over such operators, and generally to make uniform, so far as practicable, the granting or withholding of this privilege to operate a motor vehicle in furtherance of the safety of the users of the State's highways.

In *Commonwealth v. Ellett,* 174 Va. 403, 4 S.E. 2d 762, the Court said: "The right of a citizen to travel upon the public highways is a common right, but the exercise of that right may be regulated or controlled in the interest of public safety under the police power of the State. The operation of a motor vehicle on such highways is not a natural right. It is a conditional privilege, which may be suspended or revoked under the police power. The license or permit to so operate is not a contract or property right in a constitutional sense."

In *S. v. McDaniels,* 219 N.C. 763, 14 S.E. 2d 793, it is said: "The Legislature has full authority to prescribe the conditions upon which it" (a driver's license) "will be issued and to designate the court or agency through which and the conditions upon which it will be revoked."

G.S. Ch. 20, Art. 2, Uniform Driver's License Act, vests exclusively in the State Department of Motor Vehicles the issuance, suspension and revocation of licenses to operate motor vehicles. *Fox v. Scheidt, Comr. of Motor Vehicles,* 241 N.C. 31, 84 S.E. 2d 259; *S. v. Warren,* 230 N.C. 299, 52 S.E. 2d 879. Therefore, the courts have no authority to issue, suspend or revoke a driver's license to operate a motor vehicle. *S. v. McDaniels, supra; S. v. Cooper,* 224 N.C. 100, 29 S.E. 2d 18; *S. v. Warren, supra; S. v. Cole,* 241 N.C. 576, 86 S.E. 2d 203.

"A license to operate a motor vehicle is a privilege in the nature of a right of which the licensee may not be deprived save in the manner and upon the conditions prescribed by statute." *In re Revocation of License of Wright,* 228 N.C. 584, 589, 46 S.E. 2d 696. In this case the Court also said: "No right accrues to a licensee who petitions for a review of the order of the department when it acts under the terms of G.S. 20-17, for then its action is mandatory. The court is granted authority to review only suspensions and revocations by the department in the exercise of its discretionary power. G.S. 20-25."

Under our decisions the revocation of a license to operate a motor vehicle is not a part of, nor within the limits of punishment to be fixed by the court, wherein the offender is tried. When the conviction has become final, the revocation of a driver's license by the Department of Motor Vehicles is a measure flowing from the police power of the State designed to protect users of the State's highways. G.S. 20-179, which provides the punishment for driving while under the influence of intoxicating liquor or narcotic drugs, appears under Art. 3, Part 12—Penalties—of G.S. Ch. 20, Motor Vehicles, and G.S. 20-17—Mandatory Revocation of License by Department—and G.S. 20-19—Period of Suspension or Revocation—appear under Art. 2—Uniform Driver's License Act—of the same chapter of G.S.

In *Prichard v. Battle,* 178 Va. 455, 17 S.E. 2d 393, it was held that the revocation of an automobile driver's license following a conviction on a charge of leaving the scene of an accident in violation of the State statute, was not part of the penalty for the criminal offense. In holding that a pardon did not restore or revive the revoked license the Court said:

"The revocation is no part of the punishment fixed by the jury or by the court wherein the offender is tried. *Commonwealth v.*

*Ellett, supra,* 174 Va. at page 411, 4 S.E. 2d at page 765. Nor is it, in our opinion, an added punishment for the offense committed. It is civil and not criminal in its nature. *Commonwealth v. Funk,* 323 Pa. 390, 186 A. 65, 69, 70; *Steele v. State Road Commission,* 116 W. Va. 227, 179 S.E. 810.

"The question as to whether the revocation of a license because of an act for which the licensee has been convicted or because of the conviction itself is an added punishment has frequently been before the courts. The universal holding is that such a revocation is not an added punishment, but is a finding that by reason of the commission of the act or the conviction of the licensee, the latter is no longer a fit person to hold and enjoy the privilege which the State had theretofore granted to him under its police power. The authorities agree that the purpose of the revocation is to protect the public and not to punish the licensee.

"In *Davis v. Commonwealth,* 75 Va. 944, 946, this court held that the revocation of a license to sell intoxicating liquors because of an offense for which the licensee had been convicted was not a punishment for the offense, but was simply the withdrawal of the privilege which the State had granted the licensee to carry on a legitimate business. See, also, *Cherry v. Commonwealth,* 78 Va. 375.

"In *Hawker v. New York,* 170 U.S. 189, 18 S. Ct. 573, 42 L. Ed. 1002, it was held that the denial or revocation of a license to practice medicine to one who had been convicted of a felony was not added punishment for the offense. See, also, *Mandel v. Board of Regents of University,* 250 N.Y. 173, 164 N.E. 895, 896.

"In *State v. Harris,* 50 Minn. 128, 52 N.W. 387, 388, in holding that the revocation of a liquor license was not a punishment for the offense committed, the court said: 'While the revocation by the court follows the conviction as a consequence of the violation of the ordinance, it has no more the purpose or effect of punishment than if the license were revoked by the mayor or city council, neither of whom would have the power to impose punishment for the offense. There is a plain distinction between such a withdrawal of a special privilege which has been abused, the termination of a mere license, and the penalty which the law imposes as a punishment for crime.'

"The courts have uniformly held that the purpose of a disbarment proceeding is not to punish the offending attorney but to protect the public and to remove from the rolls of the court one who has

been proved to be unfit to exercise the privilege granted to him. *Norfolk & Portsmouth Bar Ass'n v. Drewry,* 161 Va. 833, 837, 172 S.E. 282, and authorities there cited; *People v. Culkin,* 248 N.Y. 465, 162 N.E. 487, 489, 60 A.L.R. 851, opinion by *Cardozo, J.*

"The same reasoning applies to the revocation of a license to operate a motor vehicle. Its purpose is not to punish the offender but to remove from the highways an operator who is a potential danger to other users.

"The precise question was recently before the highest court of Kentucky in *Commonwealth v. Harris,* 278 Ky. 218, 128 S.W. 2d 579, in which it was held that suspension of the driving license of one convicted of operating an automobile while intoxicated is not a part of the penalty for such offense, nor added punishment, but is merely the forfeiture of a conditional temporary permit for the licensee's failure to observe the conditions under which the license was issued. See, also, *People v. O'Rourke,* 124 Cal. App. 752, 13 P. 2d 989, 992.

"Having reached the conclusion that neither the revocation of the petitioner's license nor the conditions placed upon him by the statute in order that he might obtain its reissuance are penalties or a part of the punishment within the meaning of section 73 of the Constitution of Virginia and Code, sec. 2569, as amended, it follows that such revocation and conditions have not been affected by the pardon which has been granted to him."

See also *Prawdzik v. City of Grand Rapids,* 313 Mich. 376, 21 N.W. 2d 168, where is quoted the same part of the opinion in *Prichard v. Battle, supra,* that we have quoted: see, also, *Parker v. State Highway Department,* 224 S.C. 263, 78 S.E. 2d 382.

*Commonwealth v. Ellett, supra,* is directly in point. On 21 September 1935, Ellett was convicted in the Police Court of the City of Richmond of operating a motor vehicle upon the highways of the State while intoxicated. He was fined $100.00 and costs. Upon receiving a report of this conviction the Director of the Division of Motor Vehicles entered an order, pursuant to the Virginia Code 1936, section 4722, revoking for one year the operator's license of Ellett. On 8 May 1936, within a year of the former conviction, and in the same court, Ellett was again convicted of a similar offense, committed after 21 September 1935. The conviction carried a penalty of one month in jail and a fine of $100.00 and costs. Although the penalty imposed was applicable to either a first or second offense, no reference was made to the prior con-

viction in the second warrant, or in the judgment of conviction thereon. Upon receiving a report of the conviction of 8 May 1936, the Director of the Division of Motor Vehicles entered another order revoking Ellett's operator's license for a period of three years from the date of the last conviction, 8 May 1936. On 17 December 1938, less than three years after the last conviction, Ellett applied to the Director in writing for a new operator's license. The Director denied the application on 20 December 1938, on the sole ground that two convictions of driving under the influence of intoxicants automatically revoked the offender's license for three years from the date of the last conviction, regardless of whether or not the offender had been charged with a second offense upon his trial for the latter offense. In the Hustings Court of the City of Richmond the Director's decision was reversed. To that judgment the Supreme Court of Appeals of Virginia awarded a writ of error. Ellett contended, as the plaintiff here contends, that his last conviction was a conviction for a first offense since the warrant did not allege the last offense to be a second offense, and conviction thereof deprived him merely of the right to secure a permit to operate a motor vehicle for a period of one year from the date of conviction. The two judgments of conviction of Ellett and of the plaintiff are final, and are now matters of record. Within the limits prescribed by law, the trial court fixed the measure of punishment in Ellett's two cases and in plaintiff's two cases. The penalty of Ellett and of the plaintiff of being deprived of the right to operate a motor vehicle is not a part of, nor within the limits of the punishment to be fixed by a court. The Virginia Court said: "We are not dealing with the degree of gravity of the accused's guilt upon either conviction, but with the effect of the two separate and distinct conviction upon his rights as a citizen." Farther on in the opinion the Court said:

"The provisions of the Code, section 4722, evidence two principal purposes. One purpose is to enable the court or jury to impose a heavier punishment when the accused is tried for and convicted of an offense charged as a second or subsequent offense. To effect this purpose, the prior offense must be charged and proven. The other purpose is to deprive the convicted person of the right to secure a permit to operate a vehicle for a specified time, after he has been convicted once or more than once. To effect this purpose the provision is made self-operative. The notice of each conviction supplied the Director of Motor Vehicles informs him of the effect upon the rights of an applicant for a driver's permit, when the applicant has been convicted of drunken driving once or more than once.

"Let us suppose a case where one has been convicted three successive times for drunken driving. The first conviction was in the Circuit Court of Wythe County; a second or subsequent conviction, in point of time, was in Arlington county; and a third conviction in the trial justice's court of Accomack county for the violation of an ordinance of the town of Onancock. No notice of conviction is required to be sent to the Commonwealth attorneys of the several counties. They cannot, therefore, allege a prior conviction in indictments for subsequent offenses tried in their respective courts when they have no knowledge of former convictions. Consequently, they cannot ask for the punishment prescribed for a second or subsequent offense.

"The situation is different as it affects the position of the Director of Motor Vehicles, who has been furnished with the report of each conviction. Since it is his duty to issue permits to drive only to those who are entitled thereto, it is manifest that the purpose of the record furnished to him is to keep him informed as to the rights of the applicant. The report of conviction is required to show only the fact thereof, the name, address and license plate number of the vehicle operated by the offender. It does not matter to the Director whether a subsequent conviction, in point of time, shall be called a 'second conviction,' or a 'second conviction' shall be called a 'subsequent conviction.' It only matters to him that there has been more than one conviction of a similar offense. It is not the measure of proof or the extent of the punishment of a later or subsequent conviction that is the essence of the provision relating to the right of the offender to secure a new permit to operate a vehicle. The essence of the provision denying that right relates to the number of times the offender has been convicted. The duty of the Director is distinctly separate from the duty of the court or jury. If the record filed with the former shows that there has been only one conviction, he cannot issue to the offender a new permit for one year. If the record shows that the offender has been convicted two or more times, he is not entitled to secure a new permit until the end of three years from the date of the last judgment of conviction."

To make a person subject to the infliction of the heavier punishment to be imposed *by the court* for a second offense of driving while under the influence of intoxicating liquor or narcotic drugs, pursuant to G.S. 20-179, it is necessary that a prior conviction be alleged in the indictment or warrant for the second offense. *S. v. Cole, supra.* The object

of the allegation is to put the accused on notice that proof of his prior conviction will be introduced, not for proving the offense subsequent in point of time, but for the purpose of imposing a heavier punishment by the court, if the later or following offense is proved. Such a rule permits the accused to be informed of the charges against him, and allows evidence to go before the jury showing the gravity of a repeated offense. *Keeney v. Commonwealth,* 147 Va. 678, 684, 137 S.E. 478. This rule, of course, can be effective only when the prosecuting attorney for the State has knowledge of the prior conviction.

That rule of law has no application to the instant case for G.S. 20-138 and G.S. 20-179 nowhere provide that the court as a part of the punishment can revoke an operator's license to operate a motor vehicle. The provisions of G.S. 20-17, Mandatory revocation of license by Department, become effective only after judgments of conviction have become final. Equally mandatory is the provision of G.S. 20-19 (d): "When a license is revoked because of a second conviction for driving under the influence of intoxicating liquor or a narcotic drug, the period of revocation *shall be three years.*" (Italics added.) These statutes, G.S. 20-17 and G.S. 20-19 (d) emphasize the effect of a conviction, and the result following the imposition of punishment fixed by the court in the judgment on the conviction. No action or order of the court is required to put the revocation of license into effect. It is not dependent on evidence to convict. The record of a conviction, which has become final, suffices to invoke the ministerial duty of performing the mandatory requirements of the statutes by the Department.

A plea of guilty is "equivalent to a conviction." *S. v. Brinkley,* 193 N.C. 747, 138 S.E. 138. In *S. v. Robinson,* 224 N.C. 412, 30 S.E. 2d 320, this Court, quoting 14 Am. Jur., Criminal Law, par. 272, p. 952, said: "A plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the highest order."

The case of *Cedergren v. Clarke,* ..... N.H. ......, 112 A. 2d 882, is distinguishable. The New Hampshire statute differs from ours. As the New Hampshire Supreme Court said in its opinion: "The provisions both for the heavier penalties and for ineligibility for a license for three years are contained in the same sentence of the statute."

It is said in Annotation 10 A.L.R. 2d, page 842: "Statutes not requiring or not providing for notice and hearing before revocation or suspension of a license to operate a motor vehicle have been generally sustained as against various constitutional objections."

The facts found do not support the conclusions of law and the judgment. For the foregoing reasons the judgment complained will be reversed, and all the facts being before this Court, a final judgment

will be entered in the court below dismissing plaintiff's action with the costs to be taxed against him.

Reversed and remanded for final judgment.

DEVIN, J., took no part in the consideration or decision of this case.