STATE v. JESSE GARNER.

(Filed 2 May, 1956.)

**1. Automobiles § 72—**

　　Evidence in this case *held* sufficient to support defendant's conviction of driving an automobile on the highways of the State while under the influence of intoxicants.

**2. Criminal Law § 79—**

　　An assignment of error not supported by reason or argument or authority in the brief is deemed abandoned. Rule of Practice in the Supreme Court No. 28.

JOHNSON, J., not sitting.

APPEAL by defendant from *Armstrong, J.,* December Term 1955 of RANDOLPH.

Criminal prosecution upon a bill of indictment with two counts: the first count charging the defendant with the unlawful driving of a motor vehicle upon the highways within the State while under the influence of intoxicating liquor, a violation of G.S. 20-138, and the second count charging the defendant with the reckless driving of a motor vehicle upon the highways within the State, a violation of G.S. 20-140.

Plea: Not Guilty. Verdict: Guilty on the first count in the indictment.

From the judgment imposed, the defendant appeals, assigning error.

*William B. Rodman, Jr., Attorney General, T. W. Bruton, Assistant Attorney General, and F. Kent Burns, Staff Attorney, for the State.*

*J. Harvey Luck for Defendant, Appellant.*

STATE *v.* BARHAM.

PER CURIAM. The State's evidence shows these facts. On 11 June 1955 W. W. Wilson, Sheriff of Randolph County, saw the defendant driving an automobile on Highway 220 in Randolph County. The sheriff followed the defendant ¾ of a mile on this highway. The defendant turned off on a dirt road, and the sheriff followed. When they were on the dirt road, the sheriff sounded his siren. The defendant drove about ¼ of a mile down the dirt road, cut in behind a house, drove on and his automobile got stuck. The defendant jumped out of the driver's side of his automobile, and ran. The sheriff jumped out of his automobile, ran the defendant down, and caught him. The defendant was highly intoxicated. There was sufficient evidence to carry the case to the jury. It may not be amiss to add that the defendant testified in his own behalf, and on cross-examination stated that he had been convicted in 1953 for driving an automobile drunk, had been convicted of reckless driving and speeding, had had one wreck, had no license to operate a motor vehicle, was drinking on this occasion, but was not drunk, and was not driving.

We have carefully examined the assignments of error as to the charge of the court, and the charge of the court. No error appears in the charge sufficient to justify a new trial.

The assignment of error as to the admission of evidence is deemed abandoned, because in defendant's brief in support of it no reason or argument is stated or authority cited. Rules of Practice in the Supreme Court, Rule 28, 221 N.C. 544, 563; *S. v. Cole,* 241 N.C. 576, 86 S.E. 2d 203.

In the trial below we find
No error.

JOHNSON, J., not sitting.