LARRY D. LITTLE, PETITIONER v. NORTH CAROLINA STATE BOARD OF ELECTIONS; FORSYTH COUNTY BOARD OF ELECTIONS; THOMAS J. KEITH, CHAIRMAN, FORSYTH COUNTY BOARD OF ELECTIONS, RESPONDENTS

No. 7421SC1071

(Filed 2 April 1975)

Appeal and Error § 9; Elections § 14— refusal to order new primary election — mootness

    Appeal from a superior court order affirming a decision of the State Board of Elections not to order a new primary election to select a Democratic Party nominee to run for the office of alderman in the North Ward of Winston-Salem in the November 1974 general election is dismissed where the general election has been held, there is slight probability that the factual situation which gave rise to the controversy will recur, and the legal questions on which decision is sought lack substantial continuing public interest.

APPEAL by petitioner from *Exum, Judge.* Judgment entered 21 October 1974 in Superior Court, FORSYTH County. Heard in the Court of Appeals 10 March 1975.

Petitioner was a candidate for the Democratic Party nomination for the office of Alderman from the North Ward of Winston-Salem in the primary election held 7 May 1974. He lost by eight votes. Alleging election irregularities, he requested a hearing before the Forsyth County Board of Elections and asked the County Board to order a new primary election. On 11 May 1974 the County Board conducted a hearing and denied petitioner's request for a new election. Petitioner appealed to the State Board of Elections, which heard petitioner's appeal at a public hearing in Winston-Salem on 25 May 1974. At a meeting held on 13 June 1974, the State Board voted to deny petitioner's

request, and by letter dated 24 June 1974 petitioner was advised of this action.

Pursuant to Art. 33 of G.S. Chap. 143, petitioner sought judicial review of the State Board's action. By petition filed 29 July 1974 petitioner alleged that on or about 26 March 1974 the County Board had entered a challenge to the right to remain registered of approximately 400 voters in the North Ward of Winston-Salem because of asserted irregularities in connection with their registrations, and that on 29 March 1974 the County Board purged from the registration books the names of all of said persons without proper notice and without a hearing, in violation of statutory and constitutional provisions. Petitioner also alleged that on or about 29 March 1974 he and his campaign staff attempted to re-register certain of said challenged voters but these efforts were thwarted by agents of the County Board, and that at the 25 May 1974 hearing before the State Board petitioner had presented affidavits of nine persons whose names had been purged from the election registration books by the County Board in which the affiants stated that had their names not been purged, they would have voted for petitioner in the 7 May 1974 primary election. Petitioner prayed the court to order respondents to declare the primary election held on 7 May 1974 for the Democratic Party nomination for the office of Alderman from the North Ward of Winston-Salem to be invalid and to hold a new primary election for such nomination "before the general election for said office is held in November, 1974."

Responses to the petition were filed by the Forsyth County Board of Elections, by its Chairman, and by the State Board of Elections. The matter was heard at the 21 October 1974 Session of Superior Court held in Forsyth County by Judge James G. Exum, Jr. After reviewing the record, the briefs, and arguments of counsel for the parties, the court entered judgment making findings as follows:

"That the decision of the Respondent denying the Petitioner a new primary election is supported by competent, material and substantial evidence; that the registration records were open for registration for the May 7, 1974 primary in Winston-Salem; that Petitioner presented no evidence that those persons challenged by the County Board of Elections did not register subsequent to March 29, 1974, or vote in the May 7 primary election; that Petitioner presented no evidence that any challenged applicant was denied

the right to register or vote in the said primary; that the Petitioner has failed to show that the results of the May 7 primary were altered by the action of the County Board of Elections; that the decision of the Respondent denying a new primary election is in compliance with constitutional and statutory authority, is not arbitrary or capricious, and upon the entire record, the decision that the Petitioner has failed to show sufficient reason to warrant a new primary election should be affirmed."

On these findings, the court adjudged that the decision of the respondents denying a new primary election be affirmed. To this judgment the petitioner in apt time excepted and gave notice of appeal.

*David B. Hough and William G. Pfefferkorn for petitioner appellant.*

*Attorney General Edmisten by Deputy Attorney General James F. Bullock for North Carolina State Board of Elections, respondent appellee.*

*Harry H. Clendenin III and H. Miles Foy III for Forsyth County Board of Elections and Thomas J. Keith, Chairman, Forsyth County Board of Elections, respondent appellees.*

PARKER, Judge.

If the legal questions on which petitioner seeks the decision of this Court were decided for him and the judgment appealed from reversed, it could avail him nothing. The only relief which he sought was that a new primary election be held to select the Democratic Party nominee to run for the office of Alderman from the North Ward in Winston-Salem in the general election held in November 1974. That general election has been held, and it is not now possible to give petitioner the relief which he sought. There is slight probability that the factual situation which gave rise to this controversy will recur, and the legal questions on which decision is sought lack substantial continuing public interest. The legal questions presented are academic. For that reason the appeal is dismissed. *Gordon v. Wallace* and *Gordon v. Page,* 233 N.C. 85, 62 S.E. 2d 495 (1950).

Appeal dismissed.

Judges HEDRICK and CLARK concur.