STATE OF NORTH CAROLINA v. ROBERT KENNETH ZIMMERMAN

No. 7010SC122

(Filed 1 April 1970)

**1. Automobiles § 117— speeding prosecution — sufficiency of evidence**

In a prosecution for speeding 75 mph in a 35 mph speed zone in violation of a municipal ordinance, evidence on the issue of defendant's guilt was properly submitted to the jury, notwithstanding the evidence was substantially weakened on cross-examination, where a police officer testified that both his own observation and the radar unit which he was operating disclosed defendant's speed as 75 mph; that he pursued the defendant to a store parking lot, where he saw defendant get out of the car and enter the store; and that he arrested the defendant when he came out of the store.

**2. Criminal Law § 104— nonsuit — consideration of evidence**

Upon motion for nonsuit in a criminal case, the evidence must be interpreted in the light most favorable to the State, contradictions and discrepancies being for the jury to resolve.

**3. Automobiles § 117; Criminal Law § 177— speeding prosecution — punishment — remand for proper sentence**

Violation of a municipal speeding ordinance is punishable by fine not to exceed $50 or prison sentence not to exceed 30 days, G.S. 20-141(f1); G.S. 20-176(b); where the judgment of the court exceeded the statutory maximum, the judgment is stricken and the cause remanded for proper judgment.

**4. Criminal Law § 142— suspension of judgment — consent by defendant**

The execution of a judgment in a criminal case may be suspended upon prescribed conditions only with the defendant's consent, express or implied.

APPEAL by defendant from *Copeland, J.,* 29 September 1969 Special Criminal Session of WAKE Superior Court.

Defendant was tried for the offense of speeding 75 miles per hour in a 35 mile per hour speed zone in violation of an ordinance of the City of Raleigh. In the District Court of Wake County he pleaded not guilty, was found guilty, and was sentenced to ·30 days in jail, suspended on payment of a $25.00 fine and court costs. On appeal to the Superior Court, defendant again pleaded not guilty, was found guilty by the jury, and was sentenced to 60 days in jail. Execution of this sentence was suspended and defendant placed on probation for four years, upon condition that he pay a fine of $100.00 and costs and that he not operate a motor vehicle in North Carolina for two years. From this judgment, defendant appealed.

*Attorney General Robert Morgan, and Staff Attorney T. Buie Costen for the State.*

*Vaughan S. Winborne for defendant appellant.*

PARKER, J.

[1] Appellant's primary contention is that the evidence was not sufficient to warrant submission of the case to the jury. In this we find no merit. At the trial the solicitor introduced in evidence a copy of the section of the Code of the City of Raleigh which provided that it should be unlawful to operate any motor vehicle in excess of 35 miles per hour on the street and at the location referred to in the warrant. Defendant's counsel also stipulated the applicable speed limit was 35 miles per hour. A Raleigh police officer testified: While engaged with other officers in operating a radar unit on the street in question, he observed defendant driving a 1965 Ford; both the radar, which he had personally tested and found to be accurate, and his own observation indicated defendant's speed as 75 miles per hour; he gave chase and followed defendant into a store parking lot, where he saw defendant step from his car and enter the store; he waited outside until defendant came out of the store, and then arrested him. On cross-examination the officer admitted these events occurred at night, the car was traveling at such speed he was unable to identify the driver, he did not know whether the driver was a man or a woman, and it had been necessary for him to turn his patrol car around before giving chase. Defendant's evidence tended to show that his was not the car which had come through the radar screen and the police car had arrived at the store parking lot only after defendant had been in the store shopping for several minutes.

[1, 2] Upon motion for nonsuit in a criminal case, the evidence must be interpreted in the light most favorable to the State, contra-

dictions and discrepancies being for the jury to resolve. 2 Strong, N.C. Index 2d, Criminal Law, § 104. While here the State's case was substantially weakened by the cross-examination of the officer, it was sufficient to withstand defendant's motion for nonsuit. The weight and credibility of the evidence was for the jury.

We have carefully examined defendant's assignment of error directed to the court's charge to the jury, and find it also to be without merit. Only one exception was noted to the charge, and the portion excepted to consisted of a clear, concise, and correct summary of the ultimate question to be determined by the jury.

[3]     While we find no error in the conduct of the trial or in submission of the case to the jury, appellant's assignment of error directed to the judgment must be sustained. G.S. 20-141(f1), under authority of which the Raleigh ordinance here involved was enacted, provides in part as follows:

> "A violation of any ordinance adopted pursuant to the provisions of this subsection shall constitute a misdemeanor punishable by a fine not to exceed fifty dollars ($50.00) or a prison sentence of not more than thirty days."

By inadvertence the trial judge failed to note the limitation imposed by the above-quoted language upon the penalty otherwise authorized by G.S. 20-176(b) and G.S. 20-180. This latter section provides that every person convicted of violating G.S. 20-141 shall be guilty of a misdemeanor, and shall be punished as prescribed in G.S. 20-176(b). In turn, G.S. 20-176(b) provides that "[*u*]*nless another penalty is in this article or by the laws of this State provided,* every person convicted of a misdemeanor for the violation of any provision of this article shall be punished by a fine of not more than one hundred dollars ($100.00) or by imprisonment in the county or municipal jail for not more than sixty days, or by both such fine and imprisonment." (Emphasis added.) G.S. 20-141(f1), which is applicable in this case, did expressly provide "another penalty," to-wit, "a fine not to exceed fifty dollars ($50.00) or a prison sentence of not more than thirty days."

[3, 4]     Because the sentence imposed in this case was in excess of the limit authorized by G.S. 20-141(f1), the judgment entered must be stricken and the cause remanded for imposition of proper judgment. For that reason it is not necessary that we pass upon defendant's contention that he had withdrawn consent to the conditions imposed by the court in suspending the sentence. Upon remand, the court shall pronounce judgment as by law provided; execution of

such judgment may be suspended upon prescribed conditions only with defendant's consent, express or implied. *State v. Cole*, 241 N.C. 576, 86 S.E. 2d 203.

Remanded for judgment.

CAMPBELL and HEDRICK, JJ., concur.