## STATE v. JAMES FRANK GREEN.

(Filed 4 November, 1959.)

**1. Automobiles § 68a—**

Construing G.S. 20-138 and G.S. 20-38(h) together *in pari materia* it *is held,* a farm tractor, when operated upon a highway is a vehicle within the meaning of G.S. 20-138.

**2. Automobiles § 72—**

The evidence in this case *is held* amply sufficient to take to the jury the question of defendant's guilt of operating a farm tractor upon a public highway of this State while defendant was under the influence of intoxicating liquor.

**3. Automobiles § 2: Criminal Law § 135—**

The power to revoke or suspend an automobile driver's license rests solely with the Department of Motor Vehicles, and although the Superior Court may, with defendant's consent, express or implied, suspend execution of a judgment in a criminal prosecution upon condition that defendant not operate a vehicle upon the public highways for a stipulated period, the court may not do so over the express objection of the defendant. Chapter 1017, Session Laws 1959, (G.S. 15-180.1) enabling a defendant to appeal from a suspended sentence without waiving his acceptance of the terms of suspension is noted.

HIGGINS, J., not sitting.

APPEAL by defendant from *Morris, J.,* at June 1959 Term, of LENOIR.

Criminal prosecution upon a warrant issued out of and returnable to Municipal County Court of Lenoir County, North Carolina, charging that within the jurisdiction of the Municipal-County Court of the city of Kinston, and county of Lenoir, North Carolina, on or about the 19th day of March, 1959, James Frank Green violated General Statutes of North Carolina, 1943, Section 139 as amended, in that he unlawfully and willfully did operate a motor vehicle on the public roads while under the influence of intoxicating liquors, opiates, or

narcotic drugs. (Second count violation of City Code not here involved).

Plea: Not guilty.

After hearing the evidence in the case the Recorder finds defendant guilty as charged and adjudges that he pay a fine- and costs. Defendant appeals to Superior Court. Again defendant pleads not guilty. And the record of case on appeal shows that before the offering of evidence defendant moved the court to dismiss the action for the reason that the drunken driving statute does not include such vehicles as farm tractor. The court held that the statute does include such vehicles as farm motor-driven. tractors. Defendant excepts and this is defendant's exception #1.

And upon trial in Superior Court the State offered pertinent testimony of certain witnesses:

Joseph T. Haley, Chief of the Kinston Fire Department, testified substantially as follows: " * * *. I saw the defendant James. Frank Green on or about the 19th day of March 1959 * * * about 6:35 or 6:40 P.M., on the corner of South Tiffany and Oak Streets. We received a call for * * * a fire. When I came up, the fire truck was parked in- the middle of the intersection of Oak and Tiffany. I went to the fire and when I came back the tractor was in motion going around the front of the fire truck. Officer Durwood Smith was on the corner. Mr. Merritt was on duty at the time Green was brought in. They took him off the tractor and brought him where I was. He had a strong odor of alcohol on his breath and his walk was not normal. He was in a staggering condition. He was under the influence of alcohol. I saw him operating the tractor. He was driving the tractor * * * approximately forty minutes later I saw the defendant at the Police Station."

Then on cross-examination the witness continued in pertinent part: " * * * I first saw him when I heard hollering that he was coming around the front of the truck * * * I saw him driving 40 or 50 feet * * *."

The police officer Dewey Merritt testified for the State: " * * * I was at the desk on duty when defendant came to the Police Station with officer Smith. I had a conversation with him for approximately 35 or 40 minutes. He had a heavy odor of intoxicant about his person and he was under the influence of some intoxicating beverage. He was quite unsteady on his feet and he talked the way a person would that had been drinking. He had difficulty telling me where he lived and what he had done * * * My opinion was that he was appreciably under the influence of alcohol."

Then on cross-examination this witness continued in pertinent part: "He was unsteady on his feet. His speech was somewhat impaired but not too much * * *."

And on re-direct examination the witness testified: "The best of my recollection it was * * * (a) tractor with a set of cutting discs on the back. I would say it was a cub tractor. It is commonly known as a farm tractor."

The State rested.

Defendant testified in his own behalf in pertinent part: " * * * I had been cutting lots for people * * * There was a fire next door to my house, so I tried to rush home as quick as I could. When I got to the corner I saw that the fire was just about out. I intended to twist behind the truck and got a little too close * * * the officer told me to stop and get down. When I went to him, he said I was drunk * * * ." Then on cross-examination the witness continued: " * * * I come from cutting a large lot. It was about four blocks from my house. I came down the street and stopped until the corner was unblocked * * * That was my tractor * * *."

Defendant then rested and moved for judgment as of nonsuit and a directed verdict of not guilty. Motion was denied. Defendant excepts. This is defendant's exception #2.

The case was submitted to the jury under the charge of the court.

Verdict: Guilty.

Judgment: Confinement in common jail of Lenoir County for a term of four months and assigned to work under the supervision of the State Prison Department,—sentence suspended for a period of twelve months upon condition that he be of good behavior; violate no law in North Carolina and not operate a motor vehicle upon the public highways for twelve months.

Defendant appeals and assigns error.

*Attorney General Seawell, Assistant Attorney General H. Horton Rountree for the State.*

*McKinley Battle, Franklin M. Moore, Earl Whitted, Jr., for defendant, appellant.*

WINBORNE, C. J.　Defendant, appellant, first and foremost stresses for error the denial of his motion for judgment as of nonsuit when he rested his case. In this connection, and as part ten of Article 3 of the Motor Vehicle Act of 1937 as amended pertaining to the operation of vehicles and rules of the road, the General Assembly has provided in G.S. 20-138 that it shall be unlawful and punishable, as pro-

vided in G.S. 20-179, for any person, whether licensed or not, who is under the influence of intoxicating liquor or narcotic drugs to drive any vehicle upon the highways within the State.

And this Court held in *S. v. Carroll*, 226 N.C. 237, 37 S.E. 2d 688, and by subsequent uniform decision, that a person is under the influence of intoxicating liquor or narcotic drugs, within the meaning and intent of G.S. 20-138, when he has drunk a sufficient quantity of intoxicating beverage or taken a sufficient amount of narcotic drugs to cause him to lose the normal control of his bodily or mental faculties, or both, to such an extent that there is an appreciable impairment of either or both of these faculties.

Moreover as a general provision of part one of Article 3 of the Motor Vehicle Act of 1937, G.S. 20-38, the General Assembly has defined certain words and phrases, including the phrase "farm tractor" and the word "vehicle." "Farm tractor" is defined as "every motor vehicle designed and used primarily as a farm implement for drawing plows, mowing machines, and other implements of husbandry." And the word "vehicle" is defined as "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power or used exclusively upon fixed rails or tracks * * * ."

Construing these two definitions together *in pari materia*, that is, upon the same matter or subject, it is apparent that the General Assembly intended that, while farm tractors are motor implements of husbandry as set forth in the definition, they are vehicles within the meaning of the statute, G.S. 20-138, when operated upon a highway by one under the influence of intoxicating liquor or narcotic drugs.

Now testing the evidence in instant case by these principles, it is sufficient to take the case to the jury and to support a verdict of guilty beyond a reasonable doubt of the offense charged. Hence the case was properly submitted to the jury.

Next the defendant by exceptions 15 and 16 designated Group IV, challenges the authority of the trial judge to suspend the sentence imposed without his consent, express or implied. In this connection decisions of this Court hold that the State Department of Motor Vehicles has exclusive authority to issue, suspend and revoke, under conditions prescribed by the General Assembly, licenses to operate motor vehicles on the public roads. See *S. v. Cole*, 241 N.C. 576, 86 S.E. 2d 203; also *Harrell v. Scheidt, Com'r. of Motor Vehicles*, 243 N.C. 735, 92 S.E. 2d 182.

In the *Cole* case, *supra*, in opinion by *Bobbitt, J.*, it is said that "When a person is convicted of a criminal offense, the court has no

authority to pronounce judgment suspending or revoking his opera-
tor's license or prohibiting him from operating a motor vehicle during
a specified period," citing cases.

And as stated hereinabove, the General Assembly has provided in
G.S. 20-138 that it shall be unlawful and punishable, as provided in
G.S. 20-179, for any person, whether licensed or not, who is under the
influence of intoxicating liquor or narcotic drugs to drive any vehicle
upon the highways within the State. And it is provided in G.S. 20-179
in pertinent aspect that every person who is convicted of violating
G.S. 20-138 relating to driving while under the influence of intoxicat-
ing liquor or narcotic drugs, shall for the first offense be punished by
a fine of not less than one hundred dollars or imprisoned for not
less than thirty days, or both such fine and imprisonment, in the
discretion of the court. No express authority is granted for sus-
pending the sentence or for attaching conditions to the judgment.
Therefore the judgment pronounced must consist of a fine or im-
prisonment or both. *S. v. Cole, supra.* Nevertheless, courts having
jurisdiction may pronounce judgment as by law provided; and then,
with the defendant's consent, express or implied, suspend execu-
tion thereof upon prescribed terms as authorized by statute G.S.
15-197. See *S. v. Cole, supra,* citing *S. v. Miller,* 225 N.C. 213, 34
S.E. 2d 143, and cases there cited.

In the instant case it is conceded in the brief of the Attorney
General that the record does not disclose such consent. But the
record does show that defendant excepted to the judgment, specifi-
cally objecting to the suspension of the sentence, and gave notice
of appeal to Supreme Court.

Here it is appropriate to note the General Assembly by 1959 Ses-
sion Laws, Chapter 1017, codified as G.S. 15-180.1 has declared
that "In all criminal cases in the inferior and in the Superior Courts
of this State a defendant may appeal from a suspended sentence
under the same rules as from any other judgment in a criminal case,"
that "the purpose of the act is to provide that by giving notice of
appeal the defendant does not waive his acceptance of the terms
of suspension of sentence," and that "instead by giving notice of
appeal the defendant takes the position that there is error in law
in his conviction."

This act became effective on ratification 16 June 1959. And the
minutes of Superior Court of Lenoir County show, according to cer-
tificate of Clerk of Superior Court, treated as return to writ of *cer-
tiorari,* issued by this Court *ex mero motu,* that the June Term 1959
of Superior Court of Lenoir County convened on Monday, 15 June

1959, and adjourned on Saturday, 20 June 1959, and that the judgment against defendant, from which this appeal is taken, was pronounced on Thursday, 18 June 1959. Hence the act was in force and applicable to case in hand.

Thus it is clear that the judge of Superior Court, without the consent of defendant, was without authority to enter the judgment below. Hence the judgment is stricken and the case remanded for proper judgment.

As to other assignments of error, they have been given due consideration and error in them is not made to appear.

Error and remanded.

HIGGINS, J., Not sitting.