832 P.2d 801

**STATE of New Mexico,
Plaintiff–Appellant,**

v.

**James RICHARDSON, Defendant–
Appellee.**

No. 13195.

Court of Appeals of New Mexico.

April 3, 1992.

Certiorari Denied May 13, 1992.

Tom Udall, Atty. Gen. and Joel K. Jacobsen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

A.J. Olsen, Hennighausen & Olsen, Roswell, for defendant-appellee.

## OPINION

APODACA, Judge.

The state appeals the district court's order dismissing the state's complaint against defendant. Defendant was charged with driving under the influence of intoxicating liquor (a criminal charge commonly referred to by the acronym DWI, which we also use in this opinion to describe the charge) in violation of NMSA 1978, Section 66–8–102(A) (Cum.Supp.1991) (the DWI statute). The specific issue we address on appeal is whether a farm tractor with a mower attachment is a "vehicle" under the language of the DWI statute, which is a part of the Motor Vehicle Code, NMSA 1978, Sections 66–1–1 through 66–12–23 (the Code). We answer this question affirmatively and therefore reverse the district court's dismissal order.

## BACKGROUND

On August 27, 1990, defendant was operating a John Deere tractor with an attached rotary mower. Defendant was mowing weeds on the south side of a non-paved roadway maintained by the county. A dispute exists with respect to whether at least one wheel of the tractor was in the traffic lane of the road, a fact we consider inconsequential to our disposition. While operating the tractor, defendant unknowingly snagged a fence, dragged it, and caused a mailbox attached to the fence to be uprooted. A short time later, defendant was stopped by a sheriff's deputy. Defendant had difficulty dismounting the tractor and had to be helped by the deputy. The deputy detected a strong odor of alcohol. Defendant told the deputy he had consumed approximately ten beers. Defendant was convicted in the magistrate court of DWI. On appeal to the district court, defendant moved for dismissal on the basis that a farm tractor is not a vehicle under the DWI statute. The district court agreed and granted defendant's motion. This appeal followed.

DISCUSSION

The DWI statute states that "[i]t is unlawful for any person who is under the influence of intoxicating liquor to drive *any vehicle* within this state." § 66–8–102(A) (emphasis added). Additionally, the Code elsewhere defines the term "vehicle" as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, including any frame, chassis or body of any vehicle or motor vehicle, except devices moved exclusively by human power or used exclusively upon stationary rails or tracks." NMSA 1978, § 66–1–4.19(B) (Cum.Supp.1991). The Code also defines the more-limited term "motor vehicle" as "every vehicle that is self-propelled and every vehicle that is propelled by electric power obtained from batteries or from overhead trolley wires, but not operated upon rails." § 66–1–4.11(I) (Cum.Supp.1991).

▆ In addressing the question raised in this appeal, our primary focus is to give effect to the intention of the legislature. *See Arnold v. State,* 94 N.M. 381, 610 P.2d 1210 (1980). In doing so, we examine the language used in the relevant statutes. *See State v. Roland,* 90 N.M. 520, 565 P.2d 1037 (Ct.App.1977). If the language is clear and the meaning of the words used is unambiguous, then a common-sense reading of the statutes will suffice, with no construction necessary. *See State v. Jonathan M.,* 109 N.M. 789, 791 P.2d 64 (1990); *Security Escrow Corp. v. State Taxation & Revenue Dep't,* 107 N.M. 540, 760 P.2d 1306 (Ct.App.1988).

▆ The Code defines "farm tractor" as "every *motor vehicle* designed and used primarily as a farm implement for drawing plows, mowing machines and other implements of husbandry." § 66–1–4.6(A) (Cum. Supp.1991) (emphasis added). As noted earlier, a motor vehicle is defined as every vehicle that is self-propelled. Thus, because a farm tractor is expressly defined by the pertinent statute as a motor vehicle, it necessarily follows that it is also a vehicle (we reason that a "motor vehicle" is but a subset or subgroup of the larger category "vehicle"). Because the DWI statute's language is directed against a person driving "any *vehicle* within this state," Section 66–8–102(A) (emphasis added), it consequently follows that a farm tractor clearly falls within the language of the DWI statute. This approach is consistent with that taken in other jurisdictions. *See, e.g., Harder v. Harder,* 176 Mich.App. 589, 440 N.W.2d 53 (1989); *State v. Green,* 251 N.C. 141, 110 S.E.2d 805 (1959); *see generally* H.B. Chermside, Jr., Annotation, *What is a "Motor Vehicle" Within Statutes Making it an Offense to Drive While Intoxicated,* 66 A.L.R.2d 1146 (1959).

Defendant first argues that, because a farm tractor is used primarily for agricultural purposes off the highway, it is not a vehicle under the DWI statute. In response to this argument, we first note that applicability of the DWI statute is not expressly limited to a type of vehicle with a particular function—all vehicles are included. Nor does the prohibitive language of the statute require that the DWI incident actually occur on a highway. § 66–8–102. Because the language used is clear and unambiguous, we cannot read words into the statute that do not exist. *See Security Escrow Corp. v. State Taxation & Revenue Dep't.*

Additionally, the term "vehicle," as defined in the Code, Section 66–1–4.19(B), and as used in the DWI statute, Section 66–8–102(A), does not require that the vehicle in question be regularly used on a highway, as implicitly argued by defendant. Rather, the Code contemplates a device by which any person or property is or *may be* transported or drawn upon a highway. *See* § 66–1–4.19(B). Although the Code may not contemplate frequent highway use by farm tractors, numerous Code provisions that contemplate highway use nonetheless exist. *See, e.g.,* §§ 66–1–4.16(J) (Cum.Supp.1991); 66–3–826(B) (Repl. Pamp.1989); 66–7–412 (Repl.Pamp.1987); 66–7–413.1 (Repl.Pamp.1987); 66–7–414 (Repl.Pamp.1987).

Clearly, a farm tractor is a vehicle that is or may be used on a highway. It would be unreasonable to hold that, merely because a farm tractor is not primarily used on a

highway, it is not a "vehicle" under the DWI statute. If we adopted defendant's rationale, contrary to the clear import of Section 66–8–102(A), we would be holding that the frequency of use of a vehicle on the highway constitutes a factor in determining whether the DWI statute applies to that vehicle. We believe such reasoning would not comport with the policy behind the DWI statute, which is to prevent individuals who, either mentally or physically, or both, are unable to exercise the clear judgment and steady hand necessary to handle a vehicle with safety both to the individual and the public. *See State v. Dutchover,* 85 N.M. 72, 509 P.2d 264 (Ct. App.1973); *see also Miller v. New Mexico Dep't of Transp.,* 106 N.M. 253, 741 P.2d 1374 (1987) (court looks not only to language used in statute, but also to object legislature sought to accomplish and wrong it sought to remedy); *Griego v. Bag 'n Save Food Emporium,* 109 N.M. 287, 784 P.2d 1030 (Ct.App.1989) (statutes are to be interpreted in a way that facilitates their operation and achievement of their goals). Surely, no one would argue that a farm tractor suddenly veering into oncoming traffic on a highway would be any less dangerous than an automobile operated in the same manner. Either of these hypotheticals exemplifies the risk or danger we believe the legislature sought to prevent in enacting the DWI statute.

It is also apparent to us that farm tractors were intended to come within the provisions governing safety. *See* § 66–7–414 (implements of husbandry include farm tractors; "[a]ny person responsible for the movement of implements of husbandry ... shall comply with all safety precautions set forth in the Motor Vehicle Code and in regulations of the state highway commission."). To recognize that farm tractors are subject to the Code's safety precautions, but not to the DWI statute, would be nonsensical. *See New Mexico State Bd. of Educ. v. Board of Educ. of Alamogordo Pub. Sch. Dist. No. 1,* 95 N.M. 588, 624 P.2d 530 (1981) (legislative intent is to be given effect by adopting a construction that will not lead to unreasonable, unjust, or contradictory results).

In further support of our holding, we also consider significant the fact that the legislature expressly exempted farm tractors from some of the Code's provisions. *See, e.g.,* NMSA 1978, §§ 66–1–4.16(J) (special mobile equipment includes farm tractors); 66–1–4.11(I) (special mobile equipment not subject to Mandatory Financial Responsibility Act); 66–3–1(D) (Repl.Pamp.1989) (farm tractors exempted from the Motor Vehicle Code's registration requirements). These exemptions indicate to us that the legislature considered a farm tractor to be a "vehicle" under the Code and Section 66–8–102(A). Otherwise, the exemptions would be unnecessary and superfluous. Thus, the fact that the legislature created exceptions for farm tractors with respect to some provisions of the Code, but not with respect to the DWI provision, evidences a legislative intent to include farm tractors under the language of the DWI statute. *See State v. Powell,* 306 S.W.2d 531 (Mo.1957).

Defendant relies heavily on two New Mexico cases that previously examined whether a particular mechanical device was a "vehicle" or "motor vehicle" within the meaning of the Code. These cases are *Smith Machinery Corp. v. Hesston, Inc.,* 102 N.M. 245, 694 P.2d 501 (1985), and *State v. Eden,* 108 N.M. 737, 779 P.2d 114 (Ct.App.1989). We address defendant's reliance on *Eden* first.

There, this court interpreted the language of former Section 66–1–4(B)(74) (now Section 66–1–4.19(B)) " 'is or may be transported or drawn upon a highway' " as indicative of "a legislative intent to define a device typically and lawfully used upon a highway to transport persons and property." *State v. Eden,* 108 N.M. at 739, 779 P.2d at 116. In *Eden,* we held that, because a snowmobile could not be *lawfully* operated on public highways, it was not a vehicle under the Motor Vehicle Code. In contrast, here, the statutory scheme generally provides that tractors may be used lawfully on highways.

Defendant contends that our supreme court's holding in *Smith Machinery* requires a holding in this appeal that a farm

tractor with an attached mower is not a vehicle. In that case, the court held that a detachable windrower header unit was not a vehicle under the *Motor Vehicle Dealers Franchising Act*, NMSA 1978, Sections 57–16–1 to –16 (Repl.Pamp.1987) (Franchising Act). The supreme court adopted an *ad hoc*, case-by-case approach for determining application of the Franchising Act. *Smith Machinery*, however, is distinguishable. First, it dealt with the definition of "motor vehicle" under the Franchising Act, not with the definition contained in the Code. Second, the opinion distinguishes between windrowers and farm tractors; *Smith Machinery* does not hold that tractors are not motor vehicles under the Franchising Act or under the Code. Thus, *Smith Machinery* does not require us to hold that a tractor with an attached mower is not a vehicle.

CONCLUSION

We hold that a farm tractor with an attached mower is a "vehicle" under the DWI statute. We therefore reverse the district court's order dismissing the state's complaint and remand for further proceedings consistent with this opinion.

IT IS SO ORDERED.

I CONCUR:

DONNELLY, J., concurs.

HARTZ, J., specially concurs.

HARTZ, Judge (specially concurring).

I concur in the result and virtually all of Judge Apodaca's opinion. Judge Apodaca's opinion thoroughly examines the usage of the terms "vehicle" and "farm tractor" in the Motor Vehicle Code and establishes that the word "vehicle" encompasses "farm tractor." When the language of a statute so convincingly compels a particular construction, I do not think that we should then "throw in" a policy argument to buttress the result. In particular, I find it irrelevant whether a farm tractor veering into highway traffic would be more or less dangerous than a similarly operated automobile.