2001-NMCA-035

24 P.3d 365

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Nestor F. SAIZ, Defendant–Appellant.**

No. 21,797.

Court of Appeals of New Mexico.

April 18, 2001.

Certiorari Denied, No. 26,931, May 29, 2001.

Patricia A. Madrid, Attorney General, Santa Fe, NM, for Appellee.

Phyllis H. Subin, Chief Public Defender, Thomas DeMartino, Assistant Public Defender, Albuquerque, NM, for Appellant.

## OPINION

WECHSLER, Judge.

{1} Defendant appeals the district court's affirmance of his judgment and sentence for aggravated DWI (third offense) (R.P. 107–110). At the time of the events that led to his conviction Defendant was operating a moped. Defendant argues that a " 'moped' " as defined in NMSA 1978, § 66–1–4.11(F) (1998) and regulated by NMSA 1978, § 66–3–1101 (1981) is not a "vehicle" for the purpose of the Motor Vehicle Code prohibition against driving while intoxicated under NMSA 1978, § 66–8–102 (1999). We disagree with Defendant and hold that persons using a moped are subject to Section 66–8–102.

{2} The issue in this case is one of first impression in New Mexico. It is an issue of statutory construction which we review de novo. *See State v. Cleve*, 1999–NMSC–017, ¶ 7, 127 N.M. 240, 980 P.2d 23 (stating standard of review). In construing a statute our primary goal is to give effect to the intent of the legislature. *See Regents of the Univ. of N.M. v. N.M. Fed'n of Teachers*, 1998–NMSC–020, ¶ 28, 125 N.M. 401, 962 P.2d 1236 ("The principal objective in the judicial construction of statutes 'is to determine and give effect to the intent of the legislature.'" (quoting *State ex rel. Klineline v. Blackhurst*, 106 N.M. 732, 735, 749 P.2d 1111, 1114 (1988))). To determine legislative intent we look first to the plain language of the statute. *See Gen. Motors Acceptance Corp. v. Anaya*, 103 N.M. 72, 76, 703 P.2d 169, 173 (1985) (holding that "[t]he plain language of a statute is the primary indicator of legislative intent"). We "give the words used in the statute their ordinary meaning unless the legislature indicates a different intent." *Klineline*, 106 N.M. at 735, 749 P.2d at 1114. "[W]here several sections of a statute are involved, they must be read together so that all parts are given effect." *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998–NMSC–050, ¶ 5, 126 N.M. 413, 970 P.2d 599.

{3} In this case, the legislature has defined key words within the statute itself. A "'moped'" is "a two-wheeled or three-wheeled vehicle with an automatic transmission and a motor having a piston displacement of less than fifty cubic centimeters, that is capable of propelling the vehicle at a maximum speed of not more than thirty miles an hour on level ground, at sea level." Section 66–1–4.11(F). A moped is a vehicle. *See* NMSA 1978, § 66–1–4.19(B) (1990) (defining "'vehicle'" as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, including any frame, chassis or body of any vehicle or motor vehicle, except devices moved exclusively by human power or used exclusively upon stationary rails or tracks"). A moped is also a motor vehicle. *See* § 66–1–4.11(I) (defining "'motor vehicle'" as "every vehicle that is self-propelled and every vehicle that is propelled by electric power obtained from batteries or from overhead trolley wires, but not operated upon rails"). The class of vehicles is broader than the class of motor vehicles. *See State v. Richardson*, 113 N.M. 740, 741, 832 P.2d 801, 802 (Ct.App. 1992) (reasoning that "a 'motor vehicle' is but a subset or subgroup of the larger category 'vehicle'"). For example, a horse-drawn wagon would be a vehicle, but not a motor vehicle.

{4} Section 66–8–102(A) (1999) provides that "[i]t is unlawful for any person who is under the influence of intoxicating liquor to drive *any vehicle* within this state." (Emphasis added.) Reading the definitional statutes together with Section 66–8–102(A), *see High Ridge Hinkle Joint Venture*, 1998–NMSC–050, ¶ 5, 126 N.M. 413, 970 P.2d 599, Section 66–8–102(A) makes it unlawful for a person under the influence of intoxicating liquor to drive a moped, a vehicle. "[A]pplicability of the DWI statute [Section 66–8–102(A) ] is not expressly limited to a type of vehicle with a particular function—all vehicles are included." *Richardson*, 113 N.M. at 741, 832 P.2d at 802 (holding that where farm tractor was defined as a "motor vehicle," it was also a "vehicle," and hence fell within Section 66–8–102(A)'s prohibition against operating "'any *vehicle* within this state'").

{5} The purpose of Section 66–8–102 "is to prevent individuals who, either mentally or physically, or both, are unable to exercise the clear judgment and steady hand necessary to handle a vehicle with safety both to the individual and the public." *Richardson*, 113 N.M. at 742, 832 P.2d at 803. Our holding serves the purposes of the statute because a moped operated irresponsibly could endanger other traffic on the road. *See id.* ("Surely, no one would argue that a farm tractor suddenly veering into oncoming traffic on a highway would be any less dangerous than an automobile operated in the same manner.").

{6} Defendant argues that Section 66–3–1101 exempts persons operating mopeds from the provisions of Section 66–8–102(A). Section 66–3–1101 reads in pertinent part:

A. Mopeds shall comply with those motor vehicle safety standards deemed necessary and prescribed by the director of motor vehicles.[1]

B. Operators of mopeds shall have in their possession while operating a moped a valid driver's license of any class or permit, issued to them.

C. Except as provided in Subsections A and B of this section, none of the provisions of the Motor Vehicle Code relating to motor vehicles or motorcycles as defined in that code shall apply to a moped.

{7} Considering all sections of the Motor Vehicle Code cited herein together, and construing the plain meaning of the statutes, Section 66–3–1101 exempts mopeds from those sections of the Motor Vehicle Code specifically relating to motor vehicles or motorcycles, but does not exempt mopeds from the provisions of the Motor Vehicle Code relating to vehicles generally. Section 66–3–1101 does not exempt operators of mopeds from compliance with Section 66–8–102(A), which applies to operators of all vehicles. *See Richardson,* 113 N.M. at 742, 832 P.2d at 803 (holding that legislature's exemption of farm tractors from some provisions of the Motor Vehicle Code, "but not with respect to the DWI provision, evidences a legislative intent to include farm tractors under the language of the DWI statute").

{8} Defendant also maintains that the statutory scheme relating to mopeds is significantly different from the statutes relating to farm tractors, which statutes we construed in *Richardson* require compliance with the DWI statute. *See Richardson,* 113 N.M. at 742, 832 P.2d at 803. We reject Defendant's contention that Section 66–3–1101(C) exempts mopeds and operators of mopeds from all of the provisions of the Motor Vehicle Code which also relate to motor vehicles, regardless of whether those provisions relate only to motor vehicles or motorcycles and to no other vehicles. Section 66–3–1101(C) does not exempt operators of mopeds from compliance with those statutes directed generally at "vehicles" such as Section 66–8–102.

{9} We affirm the district court's affirmance of Defendant's judgment and sentence.

{10} **IT IS SO ORDERED.**

WE CONCUR: M. CHRISTINA ARMIJO, Judge, and CELIA FOY CASTILLO, Judge.

1. The Director of Motor Vehicles has promulgated no regulations regarding mopeds except 18 NMAC 12.7.10, which duplicates the language of Section 66–3–1101(A) to (C).