Certiorari Denied, May 16, 2012, No. 33,593

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2012-NMCA-062**

**Filing Date: March 30, 2012**

**Docket No. 30,597**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**

**PATRICK GIBSON NATONI,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### OPINION

**CASTILLO, Chief Judge.**

**{1}** The issue before us is whether the district court was correct in imposing the penalty for Defendant's offense of driving an off-road vehicle while intoxicated (DWI) under NMSA 1978, Section 66-8-102 (2008) (amended 2010) (DWI statute), or should the court have utilized the penalty assessment misdemeanor scheme set out in NMSA 1978, Section 66-3-1020 (2009), of the Off-Highway Motor Vehicle Act (OHMVA). We hold that the Legislature intended that the DWI statute control in this instance, and thus we affirm the

sentence imposed by the district court.

## BACKGROUND

**{2}** While driving his 2006 Polaris All-Terrain Vehicle (ATV) on a public road at 6:30 a.m., Defendant crashed into a telephone pole. He walked away from the accident and into a nearby house, leaving behind his passenger, who was injured in the collision. A police officer responded to the accident and looked for the driver but found only the injured passenger on the ground. Having information that Defendant was the driver and was in the nearby house, the officer located him there in a bathroom cleaning himself. The officer discovered that Defendant was the driver of the ATV and that he had been drinking since 9:00 p.m. the previous night. The officer asked Defendant to perform field sobriety tests, and Defendant failed them. The officer arrested Defendant and asked him to submit breath samples. Defendant agreed, and his breath samples resulted in blood alcohol level readings of 0.17 and 0.18.

**{3}** Defendant was charged with six violations of the Motor Vehicle Code, including aggravated DWI. The parties agreed that the ATV constituted an off-highway motor vehicle and that Defendant violated the OHMVA, NMSA 1978, §§ 66-3-1001 through -1020 (1978, as amended through 2009). *See* § 66-3-1001.1(E) (defining an "off-highway motor vehicle"). The State dismissed five of the six counts, and Defendant pled no contest to the charge of driving while intoxicated under Section 66-3-1010.3(A)(2) of the OHMVA (prohibiting the operation of an off-highway motor vehicle while under the influence of intoxicating liquor). The plea agreement contained no agreement as to sentencing. It set out the range of penalties beginning with the penalty assessment misdemeanor scheme under the OHMVA to a high of the penalties imposed under the DWI statute. Defendant's plea was conditioned on his right to appeal the district court's sentencing decision. The district court, however, concluded that sentencing is governed by the DWI statute because Defendant admitted to operating an ATV under the influence of alcohol, an accident resulting in injury occurred as a result of Defendant's driving, and the penalty assessment misdemeanor scheme of the OHMVA does not include this violation. The district court sentenced Defendant as a multiple DWI offender for his two prior DWI convictions and imposed a jail term of three hundred and sixty-four days and a fine of $1,000, suspending all but ninety days of his detention and $250 of his fine.

## DISCUSSION

**{4}** On appeal, Defendant argues that, because he violated a specific provision of the OHMVA and it contains a comprehensive penalty scheme, he should be sentenced under its catch-all penalty provision. Defendant also argues that because the Legislature did not give clear guidance as to his punishment, we should apply the rule of lenity and resolve the ambiguity in his favor.

**{5}** Whether Defendant should have been sentenced under the OHMVA or the DWI statute presents an issue of statutory construction for which our review is de novo. *See State v. Tafoya*, 2010-NMSC-019, ¶ 9, 148 N.M. 391, 237 P.3d 693 (recognizing that where a

dispute as to sentencing requires construction of our statutes the review is de novo). "Our ultimate goal in statutory construction is to ascertain and give effect to the intent of the Legislature." *State v. Smith*, 2004-NMSC-032, ¶ 8, 136 N.M. 372, 98 P.3d 1022 (internal quotation marks and citation omitted). In doing so, "we look first to the plain language of the statute." *State v. Saiz*, 2001-NMCA-035, ¶ 2, 130 N.M. 333, 24 P.3d 365. We will "apply the plain meaning of the statute unless the language is doubtful, ambiguous, or an adherence to the literal use of the words would lead to injustice, absurdity or contradiction, in which case the statute is to be construed according to its obvious spirit or reason." *Tafoya*, 2010-NMSC-019, ¶ 10 (internal quotation marks and citation omitted). Where a statute is unclear, "we may . . . consider the policy implications of the various constructions of the statute." *State v. Rivera*, 2004-NMSC-001, ¶ 14, 134 N.M. 768, 82 P.3d 939. We will not "exceed[] the bounds of our role as an appellate court by second-guessing the clear policy of the Legislature." *Id.* We also note that "[w]henever possible, . . . we must read different legislative enactments as harmonious instead of as contradicting one another." *Tafoya*, 2010-NMSC-019, ¶ 10 (second alteration in original) (internal quotation marks and citation omitted).

**The Penalty Scheme in the OHMVA Does Not Apply to This Case**

**{6}** Defendant argues that the New Mexico Legislature recently created a comprehensive penalty scheme specifically for violations of the provisions of the OHMVA. *See* § 66-3-1020(B). Defendant observes that Section 66-3-1020(A) states that "[a] person who violates the provisions of the [OHMVA] is guilty of a penalty assessment misdemeanor." Defendant points out that this language was formerly absent from the statute's penalty provision, which had stated that "[u]nless the violation is declared a felony, a petty misdemeanor or a citation under the Motor Vehicle Code, a person who violates the provisions of the [OHMVA] is guilty of a misdemeanor pursuant to [NMSA 1978,] Section 66-8-7 [(1989)]." N.M. Laws 2005, ch. 325, § 22. Defendant contends that the former provision expressly guided readers outside the OHMVA for penalties and that the Legislature replaced this language with a comprehensive penalty scheme, leaving out any such language for violations not specifically described in the penalty scheme. *See* § 66-3-1020(B). With the 2009 amendments, the penalty provision now contains a chart describing violations of the OHMVA, considered "penalty assessment misdemeanor[s]," groups them into four classes, and assigns them penalties ranging from $10 to $200 in fines. *See* § 66-3-1020(B). Defendant recognizes that the penalty scheme does not include driving an off-highway motor vehicle while intoxicated among the specifically described violations of the OHMVA. Defendant directs us to Section 66-3-1020(B), which applies to "any violation of the [OHMVA] not otherwise specifically defined somewhere in this section." According to Defendant, the absence of a specific penalty for this offense means that it falls within the catch-all provision and would be punished as an undefined violation in Class I with a fine of $10. *See* § 66-3-1020(B).

**{7}** We disagree with this reading of the OHMVA. Subsection E of the penalty provision of the OHMVA clearly excludes those violations that have "caused or contributed to the cause of an accident resulting in injury or death to a person." Section 66-3-1020(E). Because, as found by the district court, the passenger in the ATV was injured in Defendant's drunk driving accident, Defendant's violation is not a "penalty assessment misdemeanor."

*Id.* ("The term 'penalty assessment misdemeanor' does not include a violation that has caused or contributed to the cause of an accident resulting in injury or death to a person."). Accordingly, by the plain language of the statute, Defendant's offense is not punishable under the OHMVA. Defendant, therefore, cannot prevail in his argument that the catch-all penalty of $10 for undefined violations applies to his violation.

**The Penalty for DWI Under the OHMVA Is the Same as for DWI**

{8}     Defendant's next argument is based on a recognition that his offense is not a "penalty assessment misdemeanor" under the OHMVA because his actions caused an injury. He observes that there is no direction in the OHMVA "guiding an appropriate punishment for incidents involving off-highway motor vehicles that result in injury." Defendant maintains that because the Legislature did not provide for a punishment in such a situation there is an ambiguity, and that this ambiguity requires clarification not from the courts but from the Legislature. Defendant asks us to apply the rule of lenity in his case, resolve the ambiguity in his favor, and direct the district court to reverse his sentence by assigning him a penalty under the OHMVA and not under the DWI statute.

{9}     The rule of lenity applies when, despite application of other principles of statutory construction, an "insurmountable ambiguity persists regarding the intended scope of a criminal statute" and legislative intent. *State v. Davis*, 2003-NMSC-022, ¶¶ 13-14, 134 N.M. 172, 74 P.3d 1064. As we have stated, the plain language of Section 66-3-1020(E) removes accidents involving an injury from penalty under the OHMVA, and this precludes imposition of Defendant's desired penalty. Although the district court found this subsection dispositive of the sentencing issue, our analysis must continue. Even though we have concluded that the penalties set forth in the OHMVA do not apply in this case, we must answer the question of which punishment does apply. Based on the following analysis, we do not apply the rule of lenity but instead hold that the unambiguous legislative intent in enacting Section 66-3-1010.3(A)(2) is to punish driving an off-highway motor vehicle while intoxicated in accordance with the DWI statute, regardless of whether there was an injury involved.

{10}    We begin our analysis by applying principles of statutory construction. Section 66-3-1010.3(A) of the OHMVA articulates safety concerns involved in the operation and equipment of off-highway motor vehicles, listing twelve conditions under which an off-highway motor vehicle is not to be operated. Included among the prohibited conditions is operating an off-highway motor vehicle "while under the influence of intoxicating liquor or drugs *as provided by Section 66-8-102*." Section 66-3-1010.3(A)(2) (emphasis added). As the State observes, this is the only one of the twelve prohibited activities listed in Subsection A that refers to another statute. The State also points out that driving an off-highway motor vehicle while intoxicated is the only one of the prohibited activities in all of Section 66-3-1010.3 that is not specifically addressed by the OHMVA penalty scheme and assigned to a class of penalty assessments. *Compare* § 66-3-1010.3(A)(1)-(12), (B), (C), (D), and (E) (listing prohibited activities involving the safe operation and equipment of off-highway motor vehicles), *with* § 66-3-1020(B) (listing the violations described in Section 66-3-1010.3, except driving under the influence, and including violations of other sections of the OHMVA).

**{11}** Defendant, on the other hand, contends that by prohibiting the operation of an off-highway motor vehicle while intoxicated and using the language "*as provided by* Section 66-8-102," the Legislature intended only to guide readers to the DWI statute to provide the applicable definitions of "under the influence" of alcohol or drugs, not to provide penalties. Section 66-3-1010.3(A)(2) (emphasis added). Defendant then directs us to the catch-all penalty provision of the OHMVA and argues that it applies to violations of Section 66-3-1010.3 that are "not otherwise specifically defined somewhere in this section." Operating an off-highway motor vehicle while intoxicated is prohibited by Section 66-3-1010.3, and there is no specific penalty for this violation; therefore, Defendant concludes that the catch-all penalty provision applies to this offense. He also observes that neither the title nor the content of the penalty provisions of Section 66-3-1020 refers to the DWI statute or any other part of the Motor Vehicle Code.

**{12}** We agree with the State that Defendant's narrow reading of the language "*as provided by* Section 66-8-102" is not supported by the plain terms of the OHMVA and would lead to a result clearly not intended by the Legislature. Section 66-3-1010.3(A)(2) (emphasis added); *see Smith*, 2004-NMSC-032, ¶¶ 8-9 (noting that the primary goal of statutory construction is to discover and effectuate legislative intent, a process which begins with the language of the statute). Nothing in the plain language of the phrase "as provided by" indicates that the Legislature referenced the DWI statute for the limited purpose of defining driving while intoxicated and that it intended the OHMVA to control in all other respects. *See State v. Ogden*, 118 N.M. 234, 242, 880 P.2d 845, 853 (1994) ("A criminal statute is not 'ambiguous' for purposes of lenity merely because it [is] *possible* to articulate a construction more narrow than that urged by the Government." (alteration in original) (internal quotation marks and citation omitted)). Also, we are unpersuaded by Defendant's narrow reading because the Legislature singled out DWI from all the other safety violations by referring to the DWI statute and did not include a description of only this safety violation in the OHMVA penalty scheme. Although the language of the statute could have been more artfully drafted, we believe the Legislature's reference to the DWI statute was for all purposes, including penalties.

**{13}** We therefore conclude that our interpretation of the OHMVA, not Defendant's, leads to the result intended by the Legislature. *See Rivera*, 2004-NMSC-001, ¶ 14 (stating that where there is a lack of clarity in a statute, we consider the policy implications of alternative interpretations). A review of recent legislative acts shows that the Legislature has enhanced the penalties for DWI and has created stricter laws related to DWI in various contexts, evincing a profound legislative interest in "protect[ing] the public from the risk of harm posed by intoxicated drivers." *State v. Sims*, 2010-NMSC-027, ¶ 29, 148 N.M. 330, 236 P.3d 642 (stating the legislative purpose of the DWI statute) (internal quotation marks and citation omitted); *compare* § 66-8-102 (2002) (amended 2010), *with* § 66-8-102 (2004) (amended 2010) (lowering the lawful blood alcohol level for commercial drivers, increasing the mandatory jail time for a second and fourth DWI conviction, and adding provisions with increasing mandatory jail time and fines for fifth, and subsequent DWI convictions). We also observe that the Legislature enacted these enhancements with immediate effectiveness, pursuant to an emergency clause, in response to what the New Mexico Supreme Court characterized as a "perceived public crisis." *Smith*, 2004-NMSC-032, ¶ 14. In light of the

strong legislative public policy interest in combating DWI in many contexts, we are not persuaded that the Legislature intended to punish driving an off-highway motor vehicle while intoxicated with a $10 fine under the OHMVA.

**{14}** We also observe that the Legislature has broadly worded the application of the DWI statute and that nothing therein precludes either its application to the current case or our reading of the OHMVA. *See Ogden*, 118 N.M. at 243, 880 P.2d at 854 ("Statutes on the same general subject should be construed by reference to each other  the theory being that the court can discern legislative intent behind an unclear statute by reference to similar statutes where legislative intent is more clear." (citation omitted)).  By its language, Section 66-8-102(A) applies to any person under the influence of intoxicating liquor who drives a "vehicle within this state."  Defendant's ATV in the current case would qualify as a vehicle for purposes of Section 66-8-102(A).  *See* NMSA 1978, § 66-1-4.19(B) (2005) (defining "vehicle" as "every device in, upon[,] or by which any person or property is or may be transported or drawn upon a highway, . . . except devices moved exclusively by human power or used exclusively upon stationary rails or tracks"); *Saiz*, 2001-NMCA-035, ¶ 1 (holding that a moped is a vehicle for purposes of DWI) *cf. State v. Richardson*, 113 N.M. 740, 741-42, 832 P.2d 801, 802-03 (Ct. App. 1992) (holding that a farm tractor is both a motor vehicle and a vehicle, and thus an intoxicated person operating a farm tractor on an unpaved roadway maintained by the county could be charged with violating Section 66-8-102(A)).  In addition, there is no dispute that Defendant was driving on a public road, and therefore would qualify as driving "within this state" for purposes of applying Section 66-8-102(A).  *Cf. State v. Johnson*, 2001-NMSC-001, ¶ 21, 130 N.M. 6, 15 P.3d 1233 (recognizing that a similar danger is posed by an intoxicated driver on either a public road or private property), *limited on other grounds by Sims*, 2010-NMSC-027, ¶¶ 2-3, 28-31.

**{15}** For these reasons, we are satisfied that the Legislature intended the application of the DWI statute to punish the offense of driving an off-highway motor vehicle while intoxicated.

**CONCLUSION**

**{16}** Based on the foregoing, we affirm Defendant's sentence.

**{17}** **IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**J. MILES HANISEE, Judge**

**Topic Index**

**APPEAL AND ERROR**
Standard of Review

**CRIMINAL LAW**
Driving While Intoxicated
Motor Vehicle Violations

**STATUTES**
Interpretation
Legislative Intent
Rules of Construction