This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                       **NO. A-1-CA-36884**

**LYNN GRAY,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}    Defendant Lynn Gray appeals from the district court's judgment and sentence, convicting him for first offense aggravated DWI. Unpersuaded that Defendant

demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition, which we have duly considered. We remain unpersuaded and affirm.

{2}     On appeal, Defendant challenges the sufficiency of the evidence to support his conviction on multiple grounds. Our notice contained an exhaustive analysis of each claim of error, which we do not fully restate herein. Instead, we focus our attention on Defendant's response to our notice.

{3}     Defendant's memorandum in opposition continues to argue that the State failed to establish that Defendant's dirt bike was a "motor vehicle" within the meaning of the Motor Vehicle Code. [MIO 4] As we stated in our notice, the DWI statute, NMSA 1978, § 66-8-102(A) (2016), applies to any person under the influence of intoxicating liquor who drives a "vehicle within this state." A "vehicle" is defined broadly as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, including any frame, chassis, body or unitized frame and body of any vehicle or motor vehicle, except devices moved exclusively by human power or used exclusively upon stationary rails or tracks." NMSA 1978, § 66-1-4.19(B) (2017). For purposes of DWI, we have construed "vehicle" to include, among other things, a moped, *State v. Saiz*, 2001-NMCA-035, ¶ 1, 130 N.M. 333, 24 P.3d 365, and an all-terrain vehicle (ATV), *State v. Natoni*, 2012-NMCA-062, ¶¶ 1,

14, 282 P.3d 769. Defendant does not explain why he believes his motorized dirt bike should not be considered a "vehicle" and we are not persuaded for the reasons provided above and in the notice.

{4}     Defendant also continues to argue that the evidence was insufficient because the State failed to show the video recording of the encounter, which Defendant asserts would have provided his only hope of contradicting the officer's testimony about Defendant's signs of impairment exhibited during the field sobriety tests. [MIO 4-5] Defendant does not, however, explain why our analysis of this matter was incorrect and continues to omit any specific allegation of error relative to the reason for the absence of the video recording. Thus, we continue to believe that its absence is relevant to the weight of the evidence, not its sufficiency.

{5}     Specifically, we explained that the State presented the testimony of the officer who observed Defendant's driving, attempted to stop Defendant, saw Defendant lose control and skid into a fence, smelled alcohol on Defendant, had Defendant perform field sobriety tests (FSTs), transported Defendant to a substation, asked Defendant to submit to a breathalyzer, and arrested Defendant upon his refusal. [CN 2-3; DS 3-6, 8] We explained that the officer's testimony based on his personal observations and Defendant refusal to submit to chemical testing appeared sufficient to support Defendant's conviction. *See State v. Mata Y Rivera*, 1993-NMCA-011, ¶ 23, 115 N.M.

424, 853 P.2d 126 (holding that the officer's testimony about his observations of the defendant's behavior without other evidence was sufficient to establish that the defendant was intoxicated and the absence of other forms of evidence was for the finder of fact to weigh); *see State v. Caudillo*, 2003-NMCA-042, ¶¶ 8-11, 133 N.M. 468, 64 P.3d 495 (holding that the evidence was sufficient to establish that the defendant was driving while intoxicated where the defendant was speeding and involved in an accident; the officers observed that defendant had slurred speech and a strong odor of alcohol; the defendant admitted to drinking a few beers and he refused to submit to chemical testing); *see State v. Marquez*, 2009-NMSC-055, ¶ 16, 147 N.M. 386, 223 P.3d 931 (noting that a jury can reasonably infer consciousness of guilt from defendant's refusal to submit to a breath test), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110.

{6}      We further proposed to hold that the absence of the video recording that may have provided alternative explanations for Defendant's signs of impairment constituted matters for the finder of fact, not legal error. *See Caudillo*, 2003-NMCA-042, ¶ 11 ("While we recognize there may be reasonable, alternative explanations for each of the physical indicators of intoxication, the jury was not required to find those explanations persuasive. The question on appeal is whether substantial evidence supports the verdict actually rendered, not some other verdict.").

{7}     Because Defendant's response does not provide us with any factual argument or legal authority to persuade us that our analysis was incorrect, we reject this claim of error.

{8}     Lastly, Defendant argues that the State failed to provide sufficient evidence of intoxication because Defendant did not submit to chemical testing. [MIO 5] As we stated in our notice, the failure of the State to present evidence of chemical testing results is explained by the charge itself—aggravated DWI based on Defendant's refusal to submit to chemical testing. A defendant's refusal to submit to a chemical test is an element of the crime of aggravated DWI under Section 66-8-102(D)(3); the offense does not require a showing that chemical testing revealed a particular blood alcohol level despite the defendant's refusal. *See* Section 66-8-102(D)(3) ("Aggravated driving under the influence of intoxicating liquor or drugs consists of . . . refusing to submit to chemical testing, as provided for in the Implied Consent Act, . . . and in the judgment of the court, based upon evidence of intoxication presented to the court, the driver was under the influence of intoxicating liquor or drugs." (citation omitted)); UJI 14-4508 NMRA. Also, as set forth above, there was plenty of other evidence of Defendant's intoxication, which included his refusal of chemical testing. *See Marquez*, 2009-NMSC-055, ¶ 16, (noting that a jury can

reasonably infer consciousness of guilt from defendant's refusal to submit to a breath test).

**{9}** For the reasons stated above and in our notice, we affirm Defendant's conviction for aggravated DWI.

**{10}** **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**J. MILES HANISEE, Judge**

_____
**HENRY M. BOHNHOFF, Judge**