This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **No. A-1-CA-35626**

**COURTNEY PENNINGTON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
C. David Henderson, Appellate Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

**{1}** Defendant appeals her conviction following a bench trial for unlawful taking of a motor vehicle in violation of NMSA 1978, Section 30-16D-1(A)(1) (2009). We affirm.

**BACKGROUND**

**{2}** After returning from work, Officer Julian Torrez was unable to find an off-road, kick-start Honda motorcycle he had bought for his son and parked by the side of the yard. Officer Torrez searched for the motorcycle and found it in an alleyway near his home. The motorcycle was lying down and had grass placed on it, as though someone was trying to hide it. He then reported the incident to the police. After another officer arrived, Officer Torrez heard the sound of several attempts to kick start the motorcycle coming from the alleyway. Officer Torrez went to the alleyway and saw Defendant, who was wearing a motorcycle helmet and gloves, straddling the motorcycle, and attempting to kick start it. Officer Torrez identified himself and ordered Defendant to stop, at which point she dropped the motorcycle and attempted to leave on foot. Officer Torrez apprehended Defendant and placed her under arrest. **{3}** At the conclusion of Defendant's trial, the district court found that "Defendant acted intentionally by picking the motorcycle up, straddling it, moving it from where it was, and trying to start it. Her conduct is only consistent with someone who is taking the motorcycle to move it to another place. . . . Defendant took the motorcycle without Julian Torrez's consent." The district court also concluded that the off-road motorcycle is a motor vehicle under

the Motor Vehicle Code, and found Defendant guilty of unlawful taking of a motor vehicle.

**DISCUSSION**

{4}  Defendant appeals, arguing (1) the unlawful taking of a motor vehicle statute, in prohibiting the unlawful "taking," also requires evidence of asportation; (2) this off-road motorcycle is not a "vehicle" for purposes of the unlawful taking of a motor vehicle statute; and (3) there is insufficient evidence to support her conviction. We address each argument in turn.

**1.    "Taking"**

{5}  Defendant first argues that Section 30-16D-1's use of the word "taking" requires proof of asportation. This issue presents an issue of statutory construction. "The meaning of language used in a statute is a question of law that we review de novo." *Cooper v. Chevron U.S.A., Inc.*, 2002-NMSC-020, ¶ 16, 132 N.M. 382, 49 P.3d 61. "We first look to the ordinary and plain meaning of the language of a statute, because the statutory text is the primary indicator of legislative intent." *State v. Castillo*, 2011-NMCA-046, ¶ 8, 149 N.M. 536, 252 P.3d 760 (internal quotation marks and citation omitted). "Where the language of a statute is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *State v. Almanzar*, 2014-NMSC-001, ¶ 14, 316 P.3d 183 (internal quotation marks and citation omitted).

**{6}** Defendant argues we should apply the logic of *State v. Clark*, 2000-NMCA-052, 129 N.M. 194, 3 P.3d 689, to our interpretation of Section 30-16D-1. In *Clark*, this Court incorporated the common-law requirement of asportation into the larceny statute, requiring that "a stolen item be carried away." *Clark*, 2000-NMCA-052, ¶ 12. Although the larceny statute did not include the common-law requirement of asportation, *see* NMSA 1978, § 30-16-1 (1987, amended 2006) ("Larceny consists of the stealing of anything of value that belongs to another."), this Court explained that "the Uniform Jury Instruction for larceny requires the jury to find that . . . 'the defendant took and carried away property belonging to another[.]' " *Clark*, 2000-NMCA-052, ¶ 12 (quoting UJI 14-1601NMRA) (alteration omitted). The Court further explained that "New Mexico case law has interpreted its larceny statutes as incorporating the requirement that a stolen item be carried away." *Id.*

**{7}** Application of *Clark*'s reasoning to the unlawful taking of a motor vehicle statute is inapposite. The two statutes are textually distinct. Whereas the larceny statute prohibits "stealing," the unlawful taking of a motor vehicle statute prohibits "taking." *Compare* § 30-16-1(A) ("Larceny consists of the *stealing* of anything of value that belongs to another." (emphasis added)) *with* § 30-16D-1(A) ("Unlawful taking of a vehicle or motor vehicle consists of a person *taking* any vehicle or motor vehicle as defined by the Motor Vehicle Code intentionally and without consent of the owner." (emphasis added)). Moreover, the Uniform Jury instructions

for the offenses recognizes this distinction. For a jury to find a defendant guilty of larceny, the State must prove "[t]he defendant took and carried away" another's property. *See* UJI 14-1601. However, for a jury to find a defendant guilty of unlawful taking of a motor vehicle, the State must prove "[t]he defendant *took*" a vehicle. *See* UJI 14-1660 NMRA (emphasis added). The Uniform Jury Instruction for unlawful taking of a motor vehicle does not contain language mirroring the "carried away" requirement found in the larceny instruction. For these reasons, we decline to extend *Clark*'s reasoning to the present case and we proceed to statutory interpretation of Section 30-16D-1.

{8}     The unlawful taking of a motor vehicle statute prohibits persons from "taking any vehicle or motor vehicle . . . intentionally and without the consent of the owner." Section 30-16D-1(A). *Webster's Third New International Dictionary* defines "take" to mean "to get control into one's hands or into one's possession, power, or control by force or stratagem[.]" *Webster's Third New Int'l Dictionary* 2329 (unabr. ed. 2002). Similarly, *Black's Law Dictionary* defines "take" as "obtain[ing] possession or control, whether legally or illegally." *Black's Law Dictionary* 1681 (10th ed. 2014). Additionally, *Black's Law Dictionary* defines "asportation" as "[t]he act of carrying away or removing (property or a person)." *Id*. at 136. Based on the plain meaning of the term, we conclude "take," for purposes of the unlawful taking of a motor vehicle statute, does not include an element of "carrying away," i.e., asportation. Rather, the plain meaning of the term

indicates the Legislature's intent is to prohibit the deprivation of another's right to immediate possession of one's vehicle. *Cf. State v. McGruder*, 1997-NMSC-023, ¶ 30, 123 N.M. 302, 940 P.2d 150 (noting that "[u]nlawful taking of a vehicle primarily protects an owner's right to immediate possession of an automobile"), *abrogated on other grounds by State v. Chavez*, 2009-NMSC-035, ¶¶ 16, 47 n.1, 146 N.M. 434, 211 P.3d 891.

**2.  "Motor Vehicle"**

**{9}**  Defendant next argues that Section 30-16D-1 does not apply to the motorcycle in this case because it protects solely "vehicles" and "motor vehicles," rather than "off-highway motor vehicles[.]" *See* § 30-16D-1(A) (stating that the "[u]nlawful taking of a vehicle or motor vehicle consists of a person taking any vehicle or motor vehicle as defined by the Motor Vehicle Code"). **]** We note, however, that the Legislature made no such distinction for purposes of Section 30-16D-1, nor any other criminal offense listed in Article 16D. *See* NMSA 1978, §§ 30-16D-1 to -6 (2009) (prohibiting unlawfully taking of a vehicle or motor vehicle, embezzlement of a vehicle or motor vehicle, fraudulently obtaining a vehicle or motor vehicle, receiving or transferring a stolen vehicle or motor vehicle, injuring or tampering with a motor vehicle, and altering or changing the engine or "other numbers" of a vehicle or motor vehicle). Nonetheless, this Court has previously determined that off-highway motor vehicles are vehicles for purposes of NMSA 1978, § 66-1-4.19(B) (2005, amended 2017) (defining

"vehicle" as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, . . . except devices moved exclusively by human power or used exclusively upon stationary rails or tracks"). *See State v. Natoni*, 2012-NMCA-062, ¶ 14, 282 P.3d 769 (determining that an all-terrain vehicle is a vehicle under Section 66-1-4.19(B)); *see also* NMSA 1978, § 66-3-1001.1(E) (2009) (defining "off-highway motor vehicle[,]" in pertinent part, as "a motor vehicle designed by the manufacturer for operation exclusively off the highway or road includ[ing an] (1) "all-terrain vehicle," . . . (2) "off-highway motorcycle", [and] (3) "snowmobile' "); *cf. State v. Bernard*, 2015-NMCA-089, ¶¶ 3, 18, 31, 37, 355 P.3d 831 (affirming the defendant's convictions for receiving or transferring stolen vehicles or motor vehicles under Section 30-16D-4(A) due to his possession of a *snowmobile* and two *all-terrain vehicles*). Therefore, for purposes of Section 30-16D-1, this motorcycle qualifies as a vehicle. The motorcycle is also a motor vehicle. *See* NMSA 1978, § 66-1-4.11(H) (2007, amended 2015) (defining "motor vehicle" as "every vehicle that is self-propelled and every vehicle that is propelled by electric power obtained from batteries or from overhead trolley wires, but not operated upon rails"); *State v. Richardson*, 1992-NMCA-041, ¶ 5, 113 N.M. 740, 832 P.2d 801 (reasoning "that a 'motor vehicle' is but a subset or subgroup of the larger category 'vehicle' "). We therefore reject Defendant's argument.

**3.     Sufficiency of the Evidence**

{10} Having defined both "taking" and "motor vehicle," we now turn to whether there was sufficient evidence to support Defendant's convictions under those definitions. "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 (internal quotation marks and citation omitted). "In that light, the Court determines whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "Contrary evidence supporting acquittal does not provide a basis for reversal because the [finder of fact] is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "It is the role of the fact[-]finder to judge the credibility of witnesses and determine the weight of evidence." *State v. Hughey*, 2007-NMSC-036, ¶ 16, 142 N.M. 83, 163 P.3d 470. "Challenges to the sufficiency of the evidence supporting a conviction that raise an issue of statutory interpretation are subject to . . . de novo review." *State v. Montano*, 2018-NMCA-047, ¶ 9, 423 P.3d 1, *cert. granted*, 2018-NMCERT-___ (No. S-1-SC-37021, July 24, 2018).

{11} Here, there was sufficient evidence to support Defendant's conviction. Officer Julian Torrez testified that an off-road, kick-start Honda motorcycle was missing from where it was placed in his yard. He later located the motorcycle in an

alleyway, and saw Defendant straddling the motorcycle, attempting to kick start it. This is sufficient evidence to establish that Defendant exercised control over the motorcycle, thereby unlawfully taking the motor vehicle. *See State v. Platero*, 2017-NMCA-083, ¶ 13, 406 P.3d 557, *cert. denied*, 2017-NMCERT-___ (No. S-1-SC-36627, Sept. 26, 2017) (stating that "*corpus delicti* may be proved by direct or circumstantial evidence"); *State v. Sanchez*, 1982-NMCA-105, ¶ 8, 98 N.M. 428, 649 P.2d 496 (concluding that "[p]ossession of recently stolen property constitutes circumstantial evidence connecting [the] defendant with the taking of a vehicle"), *overruled on other grounds by State v. Belanger*, 2009-NMSC-025, ¶ 37, 146 N.M. 357, 210 P.3d 783; *cf. State v. Sims*, 2010-NMSC-027, ¶ 33, 148 N.M. 330, 236 P.3d 642 (holding that to determine whether an individual is in actual physical control of a vehicle, the fact-finder may consider several factors including "[w]hether the vehicle was running[,] . . . the ignition was on[, and w]here and in what position the driver was found in the vehicle[.]").

**CONCLUSION**

{12}   The judgment and sentence are affirmed.

{13}   **IT IS SO ORDERED.**


                                                   _____
                                                   **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**STEPHEN G. FRENCH, Judge**


_____

**DANIEL J. GALLEGOS, Judge**